

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-11-00275-CV

## EX PARTE M. R. L.

---

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 11-000975-CV-272**

---

## MEMORANDUM OPINION

---

The State of Texas appeals from a judgment granting an expunction of records "pertaining to [M.R.L.] in connection with the arrest and/or alleged offense" of driving while intoxicated. *See generally* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2011). The State complains that the trial court erred by granting the petition for expunction because M.R.L. pled guilty and was sentenced to a period of deferred adjudication community supervision for the offense of racing in a motor vehicle with an open container committed on the same date, making expunction unavailable to M.R.L. We reverse and render judgment denying the petition for expunction.

*Facts and Procedural History*

On July 24, 2007, M.R.L. was arrested for the offense of driving while intoxicated,

and an information was filed for that offense on October 23, 2007. However, on August 22, 2008, an amended information was filed with the DWI offense listed as count one and the offense of racing in a motor vehicle with an open container of alcohol in the vehicle was listed as count two. The DWI offense was marked out by hand on the amended information, although the record is unclear as to whether that charge was abandoned by the State as a result of a plea agreement or for some other reason. M.R.L. pled guilty to count two on August 25, 2008 and was placed on deferred adjudication community supervision for two years for the racing offense. *See* TEX. TRANSP. CODE ANN. § 545.420 (West 2011).

*Entitlement to Expunction*

The State complains in its sole issue that, because M.R.L. was placed on community supervision for an offense that arose out of the same course of conduct that gave rise to the arrest for driving while intoxicated, expunction of the arrest is not available for the driving while intoxicated charge. M.R.L. contended that offenses are divisible for purposes of the expunction statutes, relying largely on the Austin Court of Appeals' decision in *Travis County D.A. v. M.M. See Travis County D.A. v. M.M.*, No. 03-08-00241-CV, 2010 Tex. App. LEXIS 6346 (Tex. App.—Austin Aug. 6, 2010, no pet. h.), *opinion withdrawn by, substituted opinion at, different results reached on reconsideration by, en banc, Travis County DA v. M. M.,*354 S.W.3d 920 (Tex. App.—Austin Dec. 8, 2011, no pet. h.).

*Code of Criminal Procedure Article 55.01*

This proceeding took place prior to the 2011 amendments to article 55.01 of the code of criminal procedure ("the expunction statute"), which sets out the requirements for expunction. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 1103 ("former art. 55.01") (amended 2011) (current version at TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2011)). We note that expunction is neither a constitutional nor common-law right; rather, it is a statutory privilege. *Ex parte S.C.*, 305 S.W.3d 258, 260 (Tex. App.—Houston [14th Dist.] 2009, no pet.). All of the statutory provisions are mandatory and exclusive, and the petitioner is entitled to expunction only when all statutory conditions have been met. *Tex. Dep't of Public Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Further, the trial court has no equitable power to allow expunction where it is not allowed by statute. *Id*. The cause of action created by the expunction statute is civil rather than criminal in nature, and the burden of proving compliance with the statutory requirements rests with the petitioner. *Ex Parte S.C.*, 305 S.W.3d at 260.

The version of article 55.01(a) in effect when M.R.L. sought to expunge the charge provided, in relevant part, as follows:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

> (1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c) of this section; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

FORMER TEX. CODE CRIM. PROC. ANN. art. 55.01.

*Statutory Construction*

We must determine whether article 55.01 applies to arrests or to individual

charges stemming from an arrest. When construing statutes, we use a *de novo* standard of review, with the primary objective to ascertain and give effect to the legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (West 2005); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). We begin with the statute's words to ascertain that intent. TEX. GOV'T CODE ANN. §§ 312.002, .003 (West 2005); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). If a statute uses a term with a particular meaning or assigns a particular meaning to a term, we are bound by the statutory usage. *See* TEX. GOV'T CODE ANN. § 311.011 (West 2005); *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Undefined terms in a statute are typically given their ordinary meaning, but if a different or more precise definition is apparent from the term's use in the context of the statute, we apply that meaning. *In re Hall*, 286 S.W.3d 925, 928-29 (Tex. 2009). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results that the legislature could not possibly have intended. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004). We consider statutes as a whole rather than their isolated provisions. *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). Further, we presume that the legislature chooses a statute's language with care, deciding to include or omit words for a purpose. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008).

*Analysis*

M.R.L. argued to the trial court that the expunction statute should apply to each charge or offense for which a person is arrested separately, and if there is no conviction or community supervision for a given offense, the records pertaining to that offense should be capable of expunction without regard to the disposition of other charges arising from the same arrest. Indeed, in the opinion largely relied upon by M.R.L. and the trial court, the initial panel opinion in *Travis County D.A. v. M.M.* issued by the Austin Court did hold that in a similar situation, an individual charge of driving while intoxicated was properly expunged when M.M. was sentenced only on a charge of resisting arrest, with both offenses having arisen out of the same course of conduct and arrest. *See Travis County D.A. v. M.M.*, No. 03-08-00241-CV, 2010 Tex. App. LEXIS 6346 (Tex. App.—Austin Aug. 6, 2010, no pet. h.), *opinion withdrawn by, substituted opinion at, different results reached on reconsideration by, en banc, Travis County DA v. M. M.*, 354 S.W.3d 920 (Tex. App.—Austin Dec. 8, 2011, no pet. h.). However, on rehearing before the Court *en banc*, that court held that because a felony charge of assault on a public servant was considered in punishment pursuant to section 12.45 of the Penal Code, the arrest became incapable of expunction because the felony offense had not been dismissed or quashed pursuant to former article 55.01(a)(2)(A). *Travis County D.A. v. M.M.*, 354 S.W.3d at 926. This is not the case before us because there was no felony offense alleged to have been committed by M.R.L.

The *en banc* opinion also discusses the primary purpose of the expunction statute, which is "to permit the expunction of records of wrongful arrests." 354 S.W.3d at 928 (*citing Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). We agree that when a defendant admits guilt as to an offense arising out of an arrest, by that admission, the defendant concedes that the arrest was not wrongful for purposes of the expunction statute. *See Ex parte P.D.H.*, 823 S.W.2d 791, 793 (Tex. App.—Houston [14th Dist.] 1992, no writ) ("In the instant case, appellee pled guilty and by doing so admitted that she was not wrongfully arrested."); *see also J.T.S.*, 807 S.W.2d at 574 ("[T]he expunction law clearly was not 'intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense.'" (*quoting Texas Dep't of Pub. Safety v. Failla*, 619 S.W.2d 215, 217 (Tex. Civ. App.—Texarkana 1981, no writ))). Here, M.R.L. admitted guilt as to the racing charge, and received a deferred adjudication community supervision based on that admission. By admitting guilt as to the racing charge, M.R.L. also admitted that the arrest itself was not wrongful. *See P.D.H.*, 823 S.W.2d at 793; *J.T.S.*, 807 S.W.2d at 574.

Viewing the language used by the Legislature in the expunction statute keeping in mind the intent of the expunction statute in eliminating records based on wrongful arrests, we find that M.R.L. has not demonstrated that each element of the expunction statute has been met. The language used in former article 55.01(a)(2)(B) had four

separate requirements which must each apply: (1) the person has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court ordered community supervision under Article 42.12 *for any offense* other than a Class C misdemeanor.  FORMER TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B) (emphasis added).  The Legislature used the terms "for any offense" rather than "for the offense," "for that offense," or "for that charge," and therefore, we believe that because M.R.L. was placed on community supervision for an offense other than a Class C misdemeanor arising from the arrest, expunction is not available to M.R.L. for the driving while intoxicated offense.[1]  The trial court erred by granting the petition for expunction of the driving while intoxicated offense and arrest. We sustain issue one.

*Conclusion*

Because the trial court erred by granting the petition for expunction, we reverse the trial court's expunction order and render judgment denying expunction of the driving while intoxicated offense and arrest.

TOM GRAY
Chief Justice

---

[1] We note that section 55.01 was amended in the most recent legislative session and section (a)(2)(B) has been substantially reworded to address and clarify this issue.  *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 894 (amended 2011) (current version).

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and rendered
Opinion delivered and filed March 7, 2012
[CV06]