# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON RECONSIDERATION EN BANC

## NO. 03-08-00241-CV

**Travis County District Attorney, Appellant**

**v.**

**M. M., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-EX-07-000600, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## O P I N I O N

We grant the Travis County District Attorney's motion for rehearing, withdraw our previous opinion and judgment dated August 6, 2010, and substitute the following en banc opinion and judgment in their place. *See* Tex. R. App. P. 41.2 (allowing appellate courts to decide to consider case en banc).

The Travis County District Attorney appeals from the trial court's order granting M.M.'s petition for expunction of two charges arising from an arrest in 2004. In the 2004 incident, M.M. was arrested for driving while intoxicated (DWI), resisting arrest, and assault of a public servant. Later, as part of a negotiated plea bargain, the Travis County Attorney abandoned the DWI charge, M.M. pled no contest to the resisting-arrest charge, and M.M. admitted guilt as to the charge of assault of a

public servant and asked the trial court to take the admitted offense into account in sentencing her for resisting arrest. *See* Tex. Penal Code Ann. § 12.45 (West 2011). The court sentenced M.M. to two years of deferred-adjudication community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2011). M.M. later filed a petition seeking to expunge all records and files relating to her DWI and assault charges, and the trial court granted the petition.

On appeal, the Travis County District Attorney challenges the trial court's order expunging the assault and DWI charges, contending that M.M. did not meet the requirements with respect to either charge. We agree and reverse the trial court's order.

## BACKGROUND

The facts of this case are undisputed. In 2004, a state trooper conducted a traffic stop of M.M.'s car after observing M.M. commit traffic violations. M.M. refused to perform field sobriety tests and then resisted when the trooper attempted to place her under arrest. With the assistance of two officers who arrived on the scene, the trooper was eventually able to take M.M. into custody. Later, when the officers attempted to transfer M.M. from one patrol car to another, M.M. bit one of them on the head.

After her arrest, M.M. was charged by indictment for the felony offense of assault of a public servant and by information for the misdemeanor offenses of DWI and resisting arrest. As part of a plea bargain, the Travis County Attorney abandoned the DWI charge, M.M. pled no contest to the resisting-arrest charge, and M.M. admitted guilt as to the felony offense of assault of a public servant. Pursuant to section 12.45 of the penal code, M.M. asked the trial court to take the admitted felony

offense into consideration in sentencing her for the charge of resisting arrest. The trial court agreed to do so and ultimately sentenced M.M. to two years' deferred-adjudication community supervision.

In 2007, M.M. filed a petition to expunge the records pertaining to the DWI and assault charges. The Travis County District Attorney ("the DA"), the Travis County Attorney, and the Texas Department of Public Safety opposed the petition for expunction, arguing that M.M. did not meet the statutory criteria for expunction. After a hearing, the trial court granted M.M.'s petition. The DA appeals from the trial court's order.

## STANDARD OF REVIEW

We use an abuse-of-discretion standard in reviewing trial-court rulings on petitions for expunction. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to guiding rules and principles of law. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). We review the trial court's legal conclusions de novo because the trial court has no discretion in determining the meaning of the law or applying the law to the facts. *See Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 678 (Tex. App.—Austin 2010, no pet.).

When construing statutes, we use a de novo standard of review, and our primary objective is to ascertain and give effect to the legislature's intent. Tex. Gov't Code Ann. § 312.005 (West 2005); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). To discern that intent, we begin with the statute's words. Tex. Gov't Code Ann. §§ 312.002, .003 (West 2005); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). If a statute uses a term with a particular meaning or assigns a particular meaning to a term, we are bound by the statutory usage. *See* Tex. Gov't Code

3

Ann. § 311.011 (West 2005); *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Undefined terms in a statute are typically given their ordinary meaning, but if a different or more precise definition is apparent from the term's use in the context of the statute, we apply that meaning. *In re Hall*, 286 S.W.3d 925, 928-29 (Tex. 2009). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results that the legislature could not possibly have intended. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004). We consider statutes as a whole rather than their isolated provisions. *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). We presume that the legislature chooses a statute's language with care, deciding to include or omit words for a purpose. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008).

## DISCUSSION

This appeal is governed by a former version of article 55.01 of the code of criminal procedure ("the expunction statute"), which sets out the requirements for expunction. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1236, § 1, 2003 Tex. Gen. Laws 3499, 3499 ("former art. 55.01") (amended 2011) (current version at Tex. Code Crim. Proc. Ann. art. 55.01 (West Supp. 2011)); *Heine*, 92 S.W.3d at 648. Expunction is neither a constitutional nor common-law right; rather, it is a statutory privilege. *Ex parte S.C.*, 305 S.W.3d 258, 260 (Tex. App.—Houston [14th Dist.] 2009, no pet.). "[A] person is entitled to expunction only when all statutory conditions have been met." *Harris County Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *see In re Wilson*, 932 S.W.2d 263, 266 (Tex. App.—El Paso 1996, no writ). The trial court has no power to extend equitable relief beyond the clear meaning of the expunction statute. *Texas Dep't of Pub. Safety v. J.H.J.*,

4

274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  The cause of action created by the expunction statute is civil rather than criminal in nature, and the burden of proving compliance with the statutory requirements rests with the petitioner. *Houston Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

The version of article 55.01(a) in effect when M.M. sought to expunge the charges provided, in relevant part, as follows:

> (a)  A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2)  each of the following conditions exist:
>
> > (A)  an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:
> >
> > > (I)  the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or
> > >
> > > (ii)  the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;
> >
> > (B)  the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

5

(C)     the person has not been convicted of a felony in the five years preceding the date of the arrest.

Former art. 55.01.  The current version of subarticle 55.01(a)(2) differs from the former subarticle, but the introductory portion of the current version of subarticle 55.01(a) is identical to the former version.  *Compare* Tex. Code Crim. Proc. Ann. art. 55.01(a), (a)(2), *with* former art. 55.01(a), (a)(2).  In other words, both the current and the former versions specify that an individual is entitled to "have all records and files relating to the arrest expunged" if certain criteria are met.  Tex. Code Crim. Proc. Ann. art. 55.01(a); former art. 55.01(a).

M.M. contends on appeal that the trial court did not err in granting her petition for expunction because she satisfied all of the requirements of the expunction statute with respect to her DWI and assault charges.  She asserts that the unit of expunction is "the criminal conduct [that] forms the basis for a criminal charge," not the criminal conduct that forms the basis for an arrest, which could include several separate criminal charges.  In other words, she contends that the legislature's use of the term "the arrest" in former subarticle 55.01(a) refers to each charge arising from the arrest and that her DWI and assault charges can therefore be divorced from the other charge and individually expunged.[1]  We disagree.  Based on the plain language of the former expunction

_____

[1] Endorsing the construction offered by M.M. would lead to potentially serious problems for law-enforcement personnel.  *See* Tex. Gov't Code Ann. § 311.023(5) (West 2005) (explaining that courts may consider consequences of particular construction when ascertaining meaning of statute).  If we were to interpret "arrest" as referring to a charge arising from an arrest, then an individual would have the ability to have expunged "all records and files relating to" a charge arising from his arrest.  *See* Tex. Code Crim. Proc. Ann. art. 55.01(a) (West Supp 2011); former art. 55.01(a).  In circumstances in which only a single charge follows an arrest, an individual would be able to have all documents related to that charge expunged.  The situation would be more problematic under

statute, we conclude that the statute only speaks to expunging the records relating to an arrest, not individual records relating to a charge arising from an arrest.

Specifically under the circumstances of this case, we conclude that M.M. is not entitled to expunction of the DWI and assault charges because an indictment for the felony offense of assault of a public servant was presented against her in this case and was not dismissed, thus disqualifying her for expunction under former subarticle (a)(2)(A) of the statute as to any offense arising out of the transaction for which she was arrested. *See* former art. 55.01(a)(2)(A). Our conclusion is based on two determinations: (1) the felony indictment for assault of a public servant presented against M.M. and taken into consideration in sentencing her for the resisting-arrest charge was not dismissed, and (2) given that the indictment was not dismissed, M.M. is disqualified from expunction under former subarticle (a)(2)(A) for all charges arising from her arrest. We address each determination separately below.

### *Felony Indictment*

In the trial court, M.M. admitted guilt as to the felony charge of assault of a public servant, and the trial court agreed to take the admitted offense into consideration in sentencing her

---

circumstances, like those present in this case, in which more than one charge stems from a single arrest. The phrase "all records and files relating to" would seem broad enough to include all documents that discuss or refer to the charge that is the subject of the expunction motion even if those documents also discuss other charges that resulted from the arrest. Accordingly, provided that the requirements of article 55.01 were met, an individual would be entitled to expunge documents that bear upon charges for which expunction was not sought, even if those charges were successfully prosecuted. Moreover, law-enforcement personnel would be forced to comb through all records pertaining to and following the arrest to see what documents mentioned the charge at issue. Nothing in the language of the former statute persuades us that the legislature intended to impose such an onerous burden on law-enforcement officials. *See* former art. 55.01.

7

on the resisting-arrest charge.  The trial court did so pursuant to section 12.45 of the penal code, which states:

> (a)    A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.
>
> (b)    Before a court may take into account an admitted offense over which exclusive venue lies in another county or district, the court must obtain permission from the prosecuting attorney with jurisdiction over the offense.
>
> (c)    If a court lawfully takes into account an admitted offense, prosecution is barred for that offense.

Tex. Penal Code Ann. § 12.45.  The trial court later granted M.M.'s petition to expunge the felony charge, concluding that the charge had been dismissed when it was taken into consideration under section 12.45.[2]  On appeal, the DA contends that the trial court erred in granting the expunction because an admitted offense taken into consideration under section 12.45 does not constitute a dismissal under former subarticle (a)(2)(A) of the expunction statute.  In response, M.M. argues that an admitted offense taken into account under section 12.45 "resembles" a dismissal and is the functional equivalent of a dismissal because the felony proceedings did not result in a conviction or acquittal and were "terminated solely in her favor."  We disagree with M.M.

Although M.M. correctly points out that the State could no longer prosecute her on the assault charge under the terms of section 12.45, *see id.*, that is not the same as a dismissal, *see*

---

[2]  The trial court issued findings of fact and conclusions of law in which it specifically concluded that the felony indictment presented against M.M. "was dismissed due to the proceedings that occurred pursuant to Tex. P. Code. § 12.45."

*Black's Law Dictionary* 537 (9th ed. 2009) (defining "dismissal" as "[t]ermination of an action or claim without further hearing, esp[ecially] before the trial of the issues involved"). To begin with, the record in this case does not contain a motion by the State seeking to dismiss the felony assault charge, and accordingly, there is no order dismissing the charge. Further, the plain language of section 12.45 does not include the word "dismissal" or otherwise suggest that an admitted offense under the statute should be or is dismissed at the time that it is taken into consideration in the sentencing of another offense. Moreover, unlike a dismissal in which there is a termination of the action without consideration of a defendant's guilt for the crime alleged, in this case, M.M.'s culpability for the felony assault charge was considered by the trial court in sentencing M.M. on the resisting-arrest charge. In light of the preceding, we must conclude that even though the State was not permitted to prosecute her for the admitted offense, that indictment was not dismissed and remained pending.

M.M. also references definitions of "dismissal" addressed in the DA's brief and argues that if the definitions apply to this case, then the trial court's consideration of the admitted offense pursuant to section 12.45 falls within the definitions. *See State v. Moreno*, 807 S.W.2d 327, 329, 332 (Tex. Crim. App. 1991) (defining "dismisse[d]" as "effectively terminat[ing] the prosecution in favor of the defendant"); *Harris County Dist. Attorney's Office v. R.R.R.*, 928 S.W.2d 260, 264 (Tex. App.—Houston [14th Dist.] 1996, no writ) (defining "dismissed" as "essentially terminat[ing] the proceedings"). To begin with, *Moreno* is distinguishable from this case because the definition of "dismisse[d]" discussed in *Moreno* pertains to article 44.01 of the code of criminal procedure, which addresses appeals by the State, not article 55.01. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1)

(West Supp. 2011). Further, even assuming that the definition in *Moreno* applies here, the action taken regarding the felony indictment presented against M.M. does not fit within Moreno's definition of "dismisse[d]" because the felony prosecution was not terminated in favor of M.M. Rather, the trial court took M.M.'s admission of guilt as to the felony offense into consideration when it sentenced her for resisting arrest, thus allowing for the possibility of an increased sentence, which is contrary to the concept that the case was terminated in M.M.'s favor.

*R.R.R.* is also distinguishable from this case because there, the indictment presented against the defendant was quashed, and the prosecutor notified the defendant that the State would not reindict the defendant for that offense. 928 S.W.2d at 263. The two actions indicated to the *R.R.R.* court that there was an absence of probable cause. *Id*. at 264. Thus, *R.R.R.* was consistent with *Moreno*'s definition of "dismissal" because in *R.R.R.*, the proceedings against the defendant were terminated in the defendant's favor. Here, the trial court took no action on the felony indictment, and the felony proceedings were not terminated in M.M.'s favor.

Further, holding that an offense taken into account under section 12.45 constituted a dismissal under former subarticle (a)(2)(A) of the expunction statute would not be consistent with a primary purpose of the expunction statute, which is to permit the expunction of records of wrongful arrests. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *T.C.R. v. Bell County Dist. Attorney's Office*, 305 S.W.3d 661, 671 (Tex. App.—Austin 2009, no pet.). When a defendant admits guilt as to an offense arising out of an arrest, she necessarily admits that she was not wrongfully arrested. *See Ex parte P.D.H.*, 823 S.W.2d 791, 793 (Tex. App.—Houston [14th Dist.] 1992, no writ) ("In the instant case, appellee pled guilty and by doing

10

so admitted that she was not wrongfully arrested."); *see also J.T.S.*, 807 S.W.2d at 574 ("[T]he expunction law clearly was not 'intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense.'" (quoting *Texas Dep't of Pub. Safety v. Failla*, 619 S.W.2d 215, 217 (Tex. Civ. App.—Texarkana 1981, no writ))).  Here, M.M. admitted guilt as to the felony assault charge, and the offense was taken into account in sentencing her on the resisting-arrest charge.  By admitting guilt as to the assault charge, she also admitted that her arrest was not wrongful.  *See P.D.H.*, 823 S.W.2d at 793; *J.T.S.*, 807 S.W.2d at 574.

For all of the reasons given above, we hold that the trial court erred in determining that consideration of M.M.'s admission of guilt as to the assault charge in sentencing her on the resisting-arrest charge pursuant to section 12.45 constituted a "dismissal" of the assault charge under former subarticle (a)(2)(A) of the expunction statute.

### Former Subarticle (a)(2)(A)

Having determined that M.M.'s felony assault charge was not dismissed, we must also conclude that M.M. failed to satisfy former subarticle (a)(2)(A) of the expunction statute, which requires that any felony indictment presented as a result of an arrest be dismissed before a person can obtain expunction of an arrest record.  Specifically, former subarticles (a) and (a)(2)(A) state, in relevant part, that:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

11

an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed.

Former art. 55.01(a), (a)(2)(A).

Neither party makes a specific argument regarding former subarticle (a)(2)(A) of the expunction statute. Rather, the parties focus on former subarticle (a)(2)(B) of the statute, which sets forth the second requirement that must be satisfied before a person is entitled to expunction. *See id*. (a)(2)(B). However, M.M. does not reach the second requirement because she does not satisfy the first requirement. As previously stated, we use a de novo standard of review in construing statutes and in reviewing the trial court's legal conclusions, and an individual is only entitled to expunction if she satisfies all of the statutory requirements. *See F.F.P. Operating Partners*, 237 S.W.3d at 683; *Nail*, 305 S.W.3d at 678; *Lacafta*, 965 S.W.2d at 569. Thus, regardless of the focus of the parties' briefs, we conclude that if M.M. fails to satisfy any of the requisites of the expunction statute, she is not entitled to expunction as a matter of law.

M.M. does not satisfy the first requirement of the expunction statute as set forth under former subarticle (a)(2)(A) because former subarticles (a) and (a)(2)(A) permit the expunction of records pertaining to the arrest, not to individual charges arising from the arrest. Specifically, former subarticle (a) sets forth the relief that will be granted to a person who meets the requirements of the statute, stating that a person is entitled to have "all records and files relating to *the arrest* expunged" (emphasis added) if the person meets the three requirements set

12

forth in subparts (A), (B), and (C) of former subarticle (a)(2) of the statute. Thus, from the beginning of the statute, the plain language refers to "the arrest" and grants relief related to "the arrest," not to individual charges arising from the arrest.

The plain language in former subarticle (a)(2)(A) is consistent with that in former subarticle (a). Former subarticle (a)(2)(A) requires that:

> an indictment or information charging the person with commission of a felony [was not] presented against the person *for an offense arising out of the transaction for which the person was arrested* or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information [was] dismissed or quashed.

Former art. 55.01(a)(2)(A) (emphasis added). Based on the italicized portion of the provision, a trial court may not expunge an arrest record if the transaction for which the person was arrested resulted in a felony indictment that was not dismissed. Thus, former subarticle (a)(2)(A) disqualifies a person from expunction *for all charges arising from the arrest* if *any* felony indictment was presented for *any* offense arising from the arrest. This meaning is made especially clear given the language of former subarticle (a), which refers only to "the arrest" and states that the relief that would be granted if a defendant meets the necessary requirements is expunction of "all records and files relating to the arrest." Because M.M. was presented with a felony indictment that was not dismissed, she does not satisfy the first requirement for expunction and is not entitled to expunction of any of the records arising from her arrest.

To hold otherwise would require us to change various portions of the language in former subarticles (a) and (a)(2)(A). For example, we would first need to read subarticle (a) as

13

authorizing the expunction of all records and files relating to "each charge arising from the arrest," rather than "the arrest." We would then need to read subarticle (a)(2)(A) as prohibiting the presentation of a felony indictment for "the charge the person is seeking to expunge" rather than for "an offense arising out of the transaction for which the person was arrested." As we previously stated, an individual must comply with all of the requirements in order to be entitled to expunction, and courts do not have equitable power to grant relief beyond the plain language of the expunction statute. *S.C.*, 305 S.W.3d at 260; *J.H.J.*, 274 S.W.3d at 806; *Lacafta*, 965 S.W.2d at 569. We cannot ignore or alter various portions of the language of the statute in order to achieve a construction that allows for the expunction of one of multiple charges arising from an arrest.

Further, allowing a person to expunge individual charges when there is no suggestion that the arrest that resulted in the charges was wrongful would be contrary to a primary purpose of the expunction statute, which is to allow the record of a wrongful arrest to be expunged, *see J.T.S.*, 807 S.W.2d at 574. Here, M.M. admitted guilt as to the assault charge, was convicted of the resisting-arrest charge, and was not prosecuted for the DWI charge only because the county attorney abandoned the charge as part of a plea bargain. As previously stated, an admission of guilt as to an offense arising from an arrest is also an admission that the arrest was not wrongful.[3] *See P.D.H.*, 823 S.W.2d at 793; *J.T.S.*, 807 S.W.2d at 574.

---

[3] The Texas Supreme Court has stated, "[t]he public has an important interest in arrest records being kept for use in subsequent punishment proceedings, including subsequent applications for probation. These records are valuable to document and deter recidivism." *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991).

We recognize that former subarticle (a)(2)(B) makes reference to the phrase "the charge" in setting forth the second requirement necessary for expunction, but under the circumstances of this case, M.M. does not reach the second requirement because she does not satisfy the first requirement. Even if she were not disqualified under the first requirement, a reference to "the charge" in one provision of the statute does not change the plain language of former subarticles (a) and (a)(2)(A), which are written from the perspective of "the arrest" and which are consistent with the primary purpose of the statute. Any conflict in the language of the statute must be resolved by the legislature, not the courts. If the legislature intends something different, it could amend the statute to authorize the expunction of all records and files relating to an individual charge, rather than an arrest, and could further clarify the requirements for expunction to make it clear that each charge may be expunged individually if it meets the necessary requirements, even if the arrest itself was not wrongful and even if the arrest resulted in a conviction on another charge.[4]

Under the terms of the former statute, M.M. is not entitled to expunction of her DWI and assault charges because she fails to satisfy the first requirement for expunction. Specifically, she was presented with a felony indictment for assault of a public servant that was not dismissed, thus disqualifying her for expunction under former subarticle (a)(2)(A) of the

---

[4] The former expunction statute did not provide an absolute bar to the retention of a wrongful arrest on a person's record. Even when people satisfied the first two requirements of the former expunction statute and showed that they were in fact wrongfully arrested, they still had to prove that they were not convicted of a felony in the five years preceding the date of the arrest. Former art. 55.01(a)(2)(C). If they were so convicted, the arrest would stay on their record even though it was proven to be wrongful.

expunction statute.[5]  Accordingly, the trial court abused its discretion in expunging M.M.'s DWI and assault charges.

## CONCLUSION

In light of the foregoing, we reverse the trial court's expunction order and render judgment denying expunction for M.M.'s DWI and assault charges.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear, Pemberton, Henson, Rose, and Goodwin

Reversed and Rendered on Reconsideration En Banc

Filed:  December 8, 2011

---

[5]  The analysis in this case conflicts with the analysis employed by this Court in a prior memorandum opinion.  *See S.P.S. v. State*, No. 03-09-00151-CV, 2010 Tex. App. LEXIS 1358 (Tex. App.—Austin Feb. 26, 2010, no pet.) (mem. op.).  In *S.P.S.*, the defendant was arrested and charged with the felony offenses of criminal mischief and burglary of a vehicle. *Id.* at *1.  Like this case, the defendant in *S.P.S.* pled guilty to one of the charges, and the State abandoned the other charge as part of a plea bargain.  *Id.*  Ultimately, this Court concluded in *S.P.S.* that the defendant was entitled to the expunction of the abandoned charge because he satisfied the requirements of the expunction statute with respect to that charge.  *Id*. at *10-11.  In reaching this result, we primarily relied on another appellate court's decision that had previously concluded that article 55.01 authorized the expunction "of less than all charges arising from a single arrest." *See Ex parte E.E.H.*, 869 S.W.2d 496, 498 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  However, as discussed above, we hold in this opinion that former article 55.01 only authorizes the expunction of records relating to an arrest and does not explicitly authorize expunction of records relating to individual charges arising from an arrest.  Accordingly, we decline to follow the analysis employed in our prior memorandum opinion and respectfully disagree with the opinions of our sister courts of appeals to the extent that they have permitted the expunction of an individual charge arising from a multiple-charge arrest.  *See Ex parte E.E.H.*, 869 S.W.2d at 498; *see also State v. Knight*, 813 S.W.2d 210, 211-12 (Tex. App.—Houston [14th Dist.] 1991, no writ) (reversing portion of trial court's order that expunged records pertaining to charges for tampering with governmental record and aggravated perjury but affirming portion of order expunging record for other misdemeanor charge for tampering with governmental record that was dismissed as part of plea bargain).

16