**Opinion filed September 5, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00077-CV

_____

## EX PARTE BRADY BRADFORD HELM

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 11-06-16247**

### M E M O R A N D U M   O P I N I O N

The trial court entered an order in which it granted an expunction of records "on BRADY BRADFORD HELM pursuant to an arrest made on June 4, 2008, charging [Helm] with the offense of Possession of Marijuana in Cause Number 16,333 of original case in County Court of Gaines County, Texas." The Texas Department of Public Safety appeals from the trial court's order in this restricted appeal. We reverse and render judgment denying the motion for expunction.

On June 4, 2008, Helm was arrested for a state jail felony offense of possession of a controlled substance and for a misdemeanor offense of possession of marihuana. Helm was charged with the possession of a controlled substance offense in cause no. 08-3884 in the 106th District Court of Gaines County. He was charged with the possession of marihuana offense in cause no. 16,333 in the County Court of Gaines County. Based on a plea agreement, Helm pleaded guilty to the possession of a controlled substance offense. Pursuant to Section 12.45 of the Penal Code, Helm admitted guilt to the possession of marihuana offense and requested the trial court in cause no. 08-3884 to take the possession of marihuana offense into account when determining the sentence for the possession of a controlled substance offense. *See* TEX. PENAL CODE ANN. § 12.45 (West 2011). The trial court in cause no. 08-3884 entered an order adjudicating the possession of marihuana offense and sentenced Helm to deferred adjudication community supervision for eighteen months on the possession of a controlled substance offense. Helm successfully completed his community supervision and then filed his motion to expunge records that related to the possession of marihuana offense. Following a hearing, the trial court entered its order expunging those records.

In its sole appellate issue, the Department asserts that the trial court erred when it granted the motion for expunction. The Department argues that, because Helm was placed on community supervision for an offense that stemmed from the same arrest as the possession of marihuana charge, expunction of the arrest on the marihuana charge is not available to Helm.

Article 55.01 of the Code of Criminal Procedure governs expunction proceedings. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2012). The primary purpose of the expunction statute is to permit the expunction of records of wrongful arrests. *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 926 (Tex.

App.—Austin 2011, no pet.). Here, Helm admitted guilt on the possession of marihuana offense and requested the trial court in cause no. 08-3884 to take the admitted offense into account when determining the sentence on the possession of a controlled substance charge. By admitting guilt, Helm also admitted that the arrest was not wrongful. *M.M.*, 354 S.W.3d at 928.

Helm filed his motion to expunge records before the effective date of the 2011 amendments to Article 55.01. Therefore, the former version of Article 55.01 applies in this case. *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3019. Under the former statute, one of the requirements for expunction was that "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor." Former TEX. CODE CRIM. PROC. art. 55.01(a)(2)(B) (2009).

In this case, two charged offenses stemmed from the same arrest. Helm was placed on community supervision for the possession of a controlled substance offense. The issue before us was before the Waco court in *Ex parte M.R.L.*, No. 10-11-00275-CV, 2012 WL 763139 (Tex. App.—Waco March 7, 2012, pet. denied) (mem. op.). In that case, M.R.L. was charged with a misdemeanor offense of driving while intoxicated and a misdemeanor offense of racing in a motor vehicle with an open container. 2012 WL 763139, at *1. Both of the charged offenses stemmed from the same arrest. M.R.L. was placed on deferred adjudication community supervision for the racing offense. *Id.* Upon M.R.L.'s petition for expunction, the trial court granted an expunction of records that related to the arrest for driving while intoxicated. As stated above, a requirement for expunction under the former statute was that "there was no court ordered community supervision under Article 42.12 *for any offense* other than a Class C

3

misdemeanor." Former CRIM. PROC. art. 55.01(a)(2)(B) (emphasis added). The Waco court concluded that, because the legislature used the terms "for any offense" rather than "for the offense," "for that offense," or "for that charge" and because M.R.L. was placed on community supervision for an offense other than a Class C misdemeanor arising from the arrest, expunction was not available to M.R.L. for the driving while intoxicated offense. *Id.* at *3.

We agree with the sound reasoning of the Waco court. Helm was placed on deferred adjudication community supervision for the state jail felony offense of possession of a controlled substance. Based on the "for any offense" language in former Article 55.01(a)(2)(B), we conclude that expunction was not available to him for the misdemeanor possession of marihuana offense. The trial court abused its discretion by granting the motion for expunction. The Department's issue is sustained.

We reverse the trial court's expunction order and render judgment denying expunction of records related to the possession of marihuana offense and arrest.

TERRY McCALL
JUSTICE

September 5, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4