

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00241-CV

_____

EX PARTE S.K.

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. D485-E-20000-23

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction and Background

Appellant S.K. appeals from the trial court's order denying his petition for expunction of all records and files related to his charge for possession of marijuana of two ounces or less arising from an arrest in June 2018. During the June 2018 incident, S.K. was also arrested for evading arrest with a vehicle. As part of a negotiated plea bargain, the State proceeded on the lesser-included offense of evading arrest/detention (a Class A misdemeanor instead of the felony with which he had been charged) to which S.K. pleaded guilty, and S.K. admitted his guilt in the possession case as part of a plea in bar. *See* Tex. Penal Code Ann. § 12.45(a), (c). The trial court deferred adjudicating S.K.'s guilt in the evading-arrest case and placed him on two years' deferred-adjudication community supervision. In March 2021, the trial court found that S.K. had satisfactorily fulfilled the conditions of his community supervision and that the community-supervision period had expired; the trial court thus discharged S.K. from community supervision. S.K. later filed a petition seeking to expunge all records and files relating to the possession charge, and the trial court denied the petition.

Per S.K.'s request, the trial court made findings of fact and conclusions of law. In its conclusions of law, the trial court stated its reasoning for denying the petition:

> 4. . . . To be entitled to an expunction, a petitioner must demonstrate that each condition of [Texas Code of Criminal Procedure] Article 55.01(a)(2)(B) has been met, including the last one: prosecution of the

2

person for the offense for which the person was arrested is no longer possible *because the limitations period has expired.*

5. S.K. was arrested for the Class B offense of [p]ossession of [m]arijuana. S.K. was released from that charge at the time of his plea in case number 1564638[ (the evading-arrest case)]. The marijuana charge has not resulted in a final conviction, and it is no longer pending. Furthermore, S.K. was not ordered to serve any court-ordered supervision in conjunction with the marijuana charge. And[] prosecution for that charge is no longer possible. However, the reason it is no longer possible is not because the limitations period has expired.

6. Prosecution is no longer possible because of Section 12.45(c) of the Texas Penal Code: "If a court lawfully takes into account an admitted offense, prosecution is barred for that offense." Therefore, S.K. does not meet the strict, permissive language laid out in Article 55.01(a)(2)(B).

7. Therefore, [S.K.] has failed to meet all of the statutory requirements for an expunction, and the [p]etition has been denied.

S.K. filed a motion for new trial, and the trial court denied the motion. S.K. then perfected this appeal.

On appeal, S.K. argues in a single issue that the trial court erred by denying his petition for expunction by holding that future prosecution for the possession offense is barred by Texas Penal Code Section 12.45(c) because the trial court's analysis is contrary to the clear, unambiguous language of Texas Code of Criminal Procedure Article 55.01(a)(2)(B). We hold that the possession offense has not been dismissed and that the limitations period has not expired; thus, we affirm the trial court's order denying S.K.'s petition for expunction.

3

## II.  Plea-in-Bar Case Does Not Meet the Expunction Statute's Requirements Because the Statute of Limitations Has Not Expired

S.K.'s sole issue is based on two false premises—that the plea in bar operated as a dismissal of his possession offense and that the plea in bar did not toll the statute of limitations.  As explained below, the plea in bar did not trigger a dismissal of the possession case.  Moreover, the record does not reflect any evidence indicating that the accusation in the possession case's charging instrument has been determined to be invalid.  As a result, the plea in bar continues to toll the statute of limitations, so S.K. has not satisfied Article 55.01(a)(2)(B) to have his possession offense expunged.

### A.      Standards of Review

The applicable standards for reviewing trial-court rulings on petitions for expunction and for construing statutes were set forth by the Austin Court of Appeals in an opinion that delves into the effect of a plea in bar.  *See Travis Cnty. Dist. Att'y v. M.M.*, 354 S.W.3d 920, 922 (Tex. App.—Austin 2011, no pet.) (op. on reh'g).[1]  We therefore borrow from *M.M.* to set forth the governing standards of review:

> We use an abuse-of-discretion standard in reviewing trial-court rulings on petitions for expunction. *Heine v. Tex*[.] *Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).  A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to guiding rules and principles of law. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).  We review the trial court's legal conclusions de novo because the trial court has no discretion in determining the meaning of the law or applying the law to the facts. *See Tex*[.] *Dep't of*

---

[1]Although *M.M.* looked at a prior version of the expunction statute, it involved a plea-in-bar offense and analyzed the same version of the plea-in-bar statute that is at issue here.  354 S.W.3d at 923–24.

*Pub. Safety v. Nail*, 305 S.W.3d 673, 678 (Tex. App.—Austin 2010, no pet.)[ (op. on reh'g)].

> When construing statutes, we use a de novo standard of review, and our primary objective is to ascertain and give effect to the legislature's intent. Tex. Gov't Code Ann. § 312.005 . . . ; *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007)[ (op. on reh'g)]. To discern that intent, we begin with the statute's words. Tex. Gov't Code Ann. §§ 312.002, .003 . . . ; *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). If a statute uses a term with a particular meaning or assigns a particular meaning to a term, we are bound by the statutory usage. *See* Tex. Gov't Code Ann. § 311.011 . . . ; *Tex*[.] *Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Undefined terms in a statute are typically given their ordinary meaning, but if a different or more precise definition is apparent from the term's use in the context of the statute, we apply that meaning. *In re Hall*, 286 S.W.3d 925, 928–29 (Tex. 2009)[ (orig. proceeding)]. If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results that the legislature could not possibly have intended. *Tex*[.] *Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004). We consider statutes as a whole rather than their isolated provisions. *Tex*[.] *Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). We presume that the legislature chooses a statute's language with care, deciding to include or omit words for a purpose. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008).

*Id.* at 922–23.

## B.   Applicable Law

The Texas Supreme Court has explained the nature of expunctions:

> Expunction is a civil remedy governed by Article 55.01 of the Texas Code of Criminal Procedure. . . . Because the remedy is a privilege defined by the [Texas] Legislature, and not a constitutional or common-law right, the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts.

*Ex parte R.P.G.P.*, 623 S.W.3d 313, 316 (Tex. 2021) (footnotes omitted).

The right to expunction at issue here is governed by Article 55.01(a)(2)(B), which allows a person arrested for the commission of a felony or a misdemeanor to expunge "all records and files relating to the arrest" if

> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that[]
>
>     . . . .
>
>     (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B). Article 55.01(a)(2)(B) is an offense-based expunction provision.[2] *See Ex parte E.A.*, No. 02-23-00231-CV, 2024 WL 482871, at *2 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op.); *see also R.P.G.P.*, 623 S.W.3d at 325 ("In sum, [S]ubarticles (a)(2) and (a)(2)(A) of Article 55.01 are offense-based provisions with regard to misdemeanors but arrest-based with respect to felonies.").[3]

As noted above, the offense that S.K. is attempting to have expunged was part of a "plea in bar" under Texas Penal Code Section 12.45:

---

[2]S.K. acknowledges in his brief that the offense-based framework applies here.

[3]An "arrest-based" construction of the expunction statute treats the offenses collectively—such that expunction is available only if all the offenses comprising an arrest are eligible for expunction—whereas an "offense-based" approach considers the offenses individually for expunction purposes. *See R.P.G.P.*, 623 S.W.3d at 314.

(a) A person may, with the consent of the [prosecutor], admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining the sentence for the offense or offenses of which he stands adjudged guilty.

. . . .

(c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense.

*See* Tex. Penal Code Ann. § 12.45(a), (c).

Additionally, because the statute of limitations is at play in this appeal, we note that an indictment or information for a Class B misdemeanor (such as S.K.'s possession offense)[4] "may be presented within two years from the date of the commission of the offense[] and not afterward." Tex. Code Crim. Proc. Ann. art. 12.02(a)(1). Article 12.05 of the Code of Criminal Procedure explains when the statute of limitations is tolled during the pendency of a criminal case:

(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.[5]

(c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be *invalid* for any reason.

*Id.* art. 12.05(b)–(c) (emphasis added).

---

[4]*See* Tex. Health & Safety Code Ann. § 481.121(b)(1) (stating that possession of less than two ounces of marijuana is a Class B misdemeanor).

[5]Additionally, "[t]he day on which the offense was committed and the day on which the indictment or information is presented shall be excluded from the computation of time." Tex. Code Crim. Proc. Ann. art. 12.04.

## C.  Analysis

### 1.  The plea in bar did not operate to automatically dismiss the possession case.

Throughout his opening brief, S.K. claims that the possession-of-marijuana case was dismissed as part of the plea in bar. This is simply not true.[6]

As explained by the Austin Court of Appeals, an admitted offense taken into consideration under Penal Code Section 12.45 does not constitute a dismissal:

> Although [appellant] correctly points out that the State could no longer prosecute her on the assault charge under the terms of [S]ection 12.45, . . . that is not the same as a dismissal, *see Black's Law Dictionary* 537 (9th ed. 2009) (defining "dismissal" as "[t]ermination of an action or claim without further hearing, esp[ecially] before the trial of the issues involved"). To begin with, the record in this case does not contain a motion by the State seeking to dismiss the felony assault charge, and accordingly, there is no order dismissing the charge. Further, the plain language of [S]ection 12.45 does not include the word "dismissal" or otherwise suggest than an admitted offense under the statute should be or is dismissed at the time that it is taken into consideration in the sentencing of another offense.[7]  Moreover, unlike a dismissal in which

---

[6]We remind S.K.'s counsel that he owes a duty of candor toward the court in everything he files. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.03, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9). We note that in S.K.'s reply brief, he somewhat backs off his statement that a plea in bar constitutes a dismissal and contends that "[w]hat matters is that it is a disposition."

[7]*Compare* Tex. Penal Code Ann. § 12.45 (making no mention of dismissing an offense), *with* Tex. Code Crim. Proc. Ann. art. 32.02 (stating that a prosecutor may, by permission of the court, dismiss a criminal action at any time by filing a written statement setting out the reasons for such dismissal and that no case shall be dismissed without consent of the presiding judge), *and id.* art. 42A.111(a) (stating that "[o]n expiration of a period of deferred[-]adjudication community supervision . . . , if the judge has not proceeded to an adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge the defendant").

there is a termination of the action without consideration of a defendant's guilt for the crime alleged, in this case, [appellant's] culpability for the felony assault charge was considered by the trial court in sentencing [her] on the resisting-arrest charge. In light of the preceding, we must conclude that even though the State was not permitted to prosecute her for the admitted offense, that indictment was not dismissed and remained pending.

*M.M.*, 354 S.W.3d at 925. The same scenario is before us: the record does not contain a motion by the State seeking to dismiss the possession case, and there is no order dismissing the case. The plea in bar operated to allow the trial court to consider the possession offense when assessing punishment for the evading-arrest offense, but the plea in bar did not operate to dismiss the possession case.[8]

### 2. The indictment was not rendered invalid by the plea in bar.

S.K. hinges his argument on the contention that the indictment became invalid once he entered his plea in bar. The State notes that "[u]nder Section 12.45, both the defendant and the trial court inherently concede that the charging instrument is valid."[9] S.K. uses approximately one-third of his reply brief to respond to the State's

---

[8]Additionally, the State notes that Section 12.45 (entitled Admission of Unadjudicated Offenses) is located within Title 3, Chapter 12 (Punishments), Subchapter D (Exceptional Sentences). *Compare* Tex. Penal Code Ann. § 12.45, *with* Tex. Code Crim. Proc. Ann. art. 32.02 (entitled "Dismissal by state's attorney" and found within Chapter 32 entitled "Dismissing Prosecutions"), *and id.* art. 42A.111(a) (entitled "Dismissal and Discharge" and located within the chapter pertaining to deferred-adjudication community supervision).

[9]Or put another way, as stated by the prosecutor at the hearing on S.K.'s petition for expunction, "by admitting guilt to the unadjudicated offense, a person is inherently admitting that the charging document is valid."

validity argument, countering that the State relies on "an overly restrictive interpretation of the term 'invalid'"—"specific defects in the content or form of the document." Relying on *Webster's Collegiate Dictionary*, S.K. contends that the more practical interpretation of "invalid" is whether the charging instrument retains any force or effect.[10] After setting forth that definition for "invalid," S.K. spends several pages of his reply brief expounding (without citation to any authority) about how the statutory language requires a broader understanding of the term "invalid" and how a restrictive interpretation undermines statute-of-limitations protections. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). S.K. then argues that there is an artificial distinction between a dismissal and a disposition and points to a case cited by the State: "If the plea in bar was followed by a dismissal, then, according to [the State,] the charge becomes invalid[,] which is true—a dismissal renders an accusation invalid. *See McAlister v. State*, 119 S.W.3d 460, 462 (Tex. App.— Fort Worth 2003, no pet.)."

S.K. contends, again without citing any authority, that the only difference between when a dismissal follows a plea in bar and when a plea in bar has not been followed by a motion to dismiss "is the dismissal itself" and that this creates "an

---

[10]Regarding "invalid," the Code of Criminal Procedure does not give a specific definition but states that "[a]ll words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined." Tex. Code Crim. Proc. Ann. art. 3.01.

artificial and arbitrary distinction" despite that both a dismissal and a plea in bar "achiev[e] the same result—ending the pendency of the case." Even though S.K. puts no weight on the effect of a dismissal, case law does; plea-in-bar cases with dismissal orders are treated differently in the expunction context. *Compare E.A.*, 2024 WL 482871, at *1 (permitting expunction of records related to an offense that the State had dismissed); *Ex parte K.F.*, No. 10-19-00437-CV, 2022 WL 1671590, at *3–4 (Tex. App.—Waco May 5, 2022, no pet.) (mem. op.) (upholding the expunction of an invalid-license charge, which the State had dismissed, because prosecution of the charge was barred by limitations); *and Ex parte R.J.F.*, 640 S.W.3d 365, 366–67, 369–70 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (remanding for expunction of cocaine-possession offense, which the State had dismissed, because prosecution of the charge was barred by limitations), *with M.M.*, 354 S.W.3d at 929 (reversing expunction because plea-in-bar case was not dismissed). We are guided by that case law and conclude that this case should be treated differently than cases involving dismissed charges because S.K.'s plea-in-bar case was not dismissed.[11] *See M.M.*, 354 S.W.3d at 929.

---

[11]S.K. states in his opening brief that "[i]f a defendant successfully asserts a limitations defense, then the charge is dismissed with prejudice regardless of any justifiable reasons for the delay or any showing of prejudice by the defendant" and that the statute of limitations "is a right of a defendant that is implemented upon request." Yet S.K. makes no mention of why he did not assert a limitations defense in the possession case to obtain a dismissal but instead pursued filing an expunction petition.

S.K. relies heavily on an opinion from the Austin Court of Appeals that affirms an order allowing the expunction of a plea-in-bar case that was not dismissed. *See Tex. Dep't of Pub. Safety v. D.M.S.*, 681 S.W.3d 794, 799 (Tex. App.—Austin 2023, no pet.). The court held that "when a charge for an offense is unadjudicated but considered in the sentencing for another offense, pursuant to Section 12.45 of the Penal Code, the charge has not 'resulted in a final conviction' for purposes of expunction under Article 55.01(a)(2)." *Id.* at 796. We agree with that portion of *D.M.S.*'s holding. But in reaching its holding, the Austin Court of Appeals made the following statement: "[T]he evidence is sufficient to support the trial court's finding that the limitations period had run on the [possession] offense at the time the trial court ordered expunction of the related records." *Id.* at 799. The court did not provide any analysis to support that statement. Nor did the court reconcile its decision to allow the expunction of records related to a plea-in-bar case that had not been dismissed with its prior holding in *M.M.* We are not bound by a sister court's opinion, and so as discussed below, we conclude that the statute of limitations in the possession case remains tolled by the plea in bar.

3. **A plea in bar tolls the statute of limitations; thus, S.K. cannot satisfy Article 55.01(a)(2)(B)'s expiration-of-limitations requirement to have the records related to his possession offense expunged.**

S.K. spends several pages of his brief arguing that the statute of limitations for his possession offense has allegedly expired, contending that (1) a two-year statute of

12

limitations applies to the misdemeanor possession offense; (2) the statute of limitations initially began to run when he was arrested on June 19, 2018; (3) the statute of limitations was tolled from when the case was filed on October 4, 2018, to February 26, 2019—the date of the plea in bar; (4) the tolling period ceased upon "the disposition of the case with a [p]lea in [b]ar," and the statute of limitations clock resumed; and (5) "the countdown continued until the full two-year limitation[s] period was reached on November 12, 2020." S.K. cites no authority for why the statute of limitations clock resumed with the plea in bar but states that "[g]iven that no further legal action concerning this offense was initiated against [him] before [November 12, 2020,] the two-year statute of limitations for the [possession] offense expired.[12]

But as explained by the State,

The pendency of the charging instrument terminates when, by an order of a trial court having jurisdiction, the charging instrument is determined to be invalid for any reason; the attorney representing the State, with permission of the court, dismisses the papers of the case, including the charging instrument[,] or the trial court fulfills its mandatory duty of dismissing and discharging a defendant who successfully completed [his]

---

[12]In his reply brief, S.K. argues that

if a plea in barred offense is not deemed an accusation in the habeas context, [see *Ex parte Karlson*, 282 S.W.3d 118, 127 (Tex. App.—Fort Worth 2009, pet. ref'd),] it follows that such an offense cannot be regarded as [a] "valid" accusation for the purposes of perpetually tolling the statute of limitations.

We conclude that *Karlson* does not govern the situation here because (1) S.K.'s case is not before us in the habeas context, and (2) *Karlson* did not mention the statute of limitations, which is the focal point of this case.

13

deferred[-]adjudication community supervision. Tex. Code Crim. Proc. [Ann.] arts. 12.05, 32.02, 42A.111(a).

. . . .

[B]ecause the plea in bar is not a dismissal and [because] neither the State nor [the] trial court ha[s filed a motion] or ordered the charging instrument to be dismissed, the charging instrument is still validly tolling the statute of limitations.

The State's argument and analysis is directly in line with the wording of the statute set forth above explaining that tolling ends with the day that the accusation in the charging instrument "is, by an order of a trial court having jurisdiction thereof, determined to be *invalid* for any reason." Tex. Code Crim. Proc. Ann. art. 12.05(c) (emphasis added). Here, there is nothing in the record indicating that the accusation in the possession case's charging instrument has been determined to be invalid. Instead, the opposite can be inferred—that the accusation in the possession case's charging instrument *is valid* because S.K. admitted his guilt to the offense through a plea in bar. And that plea in bar did not operate to dismiss the case or result in a final conviction[13] but rather continues to toll limitations.

---

[13]The plea-in bar under Section 12.45 here is distinguishable from the one in *State v. N.R.J.* that was treated as a final conviction. *N.R.J.*, which was decided by this court in 2014, looked at the 2011 version of Article 55.01(a)(2) and concluded (as other courts did at that time) that the expunction statute was arrest based. 453 S.W.3d 76, 80–81 (Tex. App.—Fort Worth 2014, pet. denied). Applying the arrest-based approach, the court held that an admitted, unadjudicated offense (possession of marijuana) resulted in a final conviction for purposes of the expunction statute because guilt for that offense was admitted and considered in determining punishment, albeit for another offense (driving while intoxicated). *Id.* at 82. *N.R.J.* ultimately concluded that when a defendant admits guilt to an offense in the course of

14

### 4. The expunction statute's language leads to the result here.

As noted by the Texas Supreme Court in *R.P.G.P.*, "The expunction statute is linguistically complex and presents a statutory construction challenge that courts at all levels have grappled with, but that is all the more reason to stick to the statute's language wherever it leads and adhere to principles our precedents have established . . . ." 623 S.W.3d at 328. The statute's language allows expunction of records relating to an arrest if "prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired." Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B). As shown above, the limitations period for the possession offense has not expired. Because S.K. has not fulfilled the requirements to have the records of the possession offense expunged, the trial court did not abuse its discretion by denying his expunction petition.

Accordingly, we overrule S.K.'s sole issue.

---

pleading guilty or nolo contendere to a second offense and requests that the trial court account for that admission in determining the sentence for the second offense under Penal Code Section 12.45, the admitted, unadjudicated offense is not expungable. *Id.*

At the time of that decision, this court did not have the benefit of *R.P.G.P.*, which held that Article 55.01(a)(2) is an offense-based statute. 623 S.W.3d at 325. Although *N.R.J.*'s ultimate holding is in line with our holding today, we need not rely on *N.R.J.*'s reasoning because it applied an arrest-based approach and looked at the adjudicated offense and the unadjudicated offense together since both were part of the same arrest. Additionally, the DWI offense in *N.R.J.* resulted in a conviction, whereas the other offense here (i.e., the evading-arrest offense) did not result in a final conviction because S.K. successfully completed his deferred-adjudication community supervision. We therefore distinguish *N.R.J.* on those bases.

15

### III. Conclusion

Having overruled S.K.'s sole issue, we affirm the trial court's order denying his expunction petition.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: November 21, 2024