

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00576-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Timothy **DICKEN**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-10924
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  October 2, 2013

REVERSED AND RENDERED

The Texas Department of Public Safety appeals the expunction of all records and files relating to Appellee Timothy Dicken's offense of possession of a controlled substance. On appeal, the Department argues the trial court erred in interpreting the expunction statute to allow the destruction of records of individual offenses, as opposed to records of the arrest. Because Dicken failed to prove the statutory requirements of Texas Code of Criminal Procedure article 55.01(a), we reverse the order of the trial court and render judgment denying Dicken's petition to expunge.

## BACKGROUND

On June 5, 2009, Timothy Dicken was arrested for felony possession of a controlled substance and misdemeanor driving while intoxicated (DWI). On June 9, 2009, the State formally charged Dicken with the misdemeanor DWI and on June 22, 2009, Dicken was charged by indictment with felony possession. Approximately two months later, on August 13, 2009, Dicken entered a plea of no contest to the DWI charge and was sentenced to 180 days of confinement, suspended and probated for a term of eighteen months. The plea bargain also required Dicken (1) to perform sixty hours of community service restitution, (2) to participate in DWI education and Alcoholics Anonymous, and (3) to install an ignition interlock system on his vehicle for a term of nine months. The plea documents indicate that cause number 2009CR7758 (the felony possession) was taken into consideration as part of Dicken's plea.

On July 6, 2012, Dicken filed a petition to expunge his charge of possession of a controlled substance. *See* TEX. CODE. CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2012). The Texas Department of Public Safety and the Bexar County Criminal District Attorney filed answers and general denials opposing Dicken's petition. The Department reasons that because Dicken entered a plea of no contest, the court took the felony possession into consideration for the plea, and he served a term of probation for the DWI offense pursuant to the same arrest, Dicken was not eligible for expunction. The trial court granted Dicken's petition for expunction and entered an order of expunction with regard to the felony possession of a controlled substance charge. The Department appeals.

## STANDARD OF REVIEW

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex Parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). However, "[t]o the extent a ruling on expunction turns on a question of law, we review the

ruling de novo because '[a] trial court has no "discretion" in determining what the law is or applying the law to the facts.'" *Id.* (first alteration in original) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Statutory construction is a question of law. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *City of San Antonio v. Caruso*, 350 S.W.3d 247, 250 (Tex. App.—San Antonio 2011, pet. denied).

When construing statutory language, our primary objective is to "ascertain and give effect to the Legislature's intent." *Caruso*, 350 S.W.3d at 250; *accord Hughes*, 246 S.W.3d at 625; *see also* TEX. GOV'T CODE ANN. § 312.005 (West 2013). "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011(b); *see Hughes*, 246 S.W.3d at 625. "Otherwise, we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Hughes*, 246 S.W.3d at 625–26 (citations omitted); *accord Caruso*, 350 S.W.3d at 250. In construing the statutory language, we read the statute as a whole and interpret it so as to give effect to every part, and we presume the legislature intended a just and reasonable result. *See* TEX. GOV'T CODE ANN. § 311.021; *Caruso*, 350 S.W.3d at 250. We may also consider legislative history regardless of whether the statute is ambiguous. TEX. GOV'T CODE ANN. § 311.023(3); *Caruso*, 350 S.W.3d at 250.

## EXPUNCTION STATUTE

Dicken argues article 55.01 is an "offense based" statute whereby offenses are divisible for purposes of expunction. *See generally* TEX. CODE CRIM. PROC. ANN. art. 55.01. He contends that because the felony possession charge was dismissed, he is entitled to an expunction of that charge. The Department, on the other hand, argues that we should take an "arrest-based" approach. *See generally id.* The Department maintains that Dicken was not entitled to expunction of the felony

possession charge because (1) the trial court took the felony charge into consideration when it placed Dicken on community supervision for the DWI offense, and (2) the DWI charge arose out of the same conduct that gave rise to the arrest for possession. Accordingly, Dicken was not eligible to have the records of his felonious possession expunged under article 55.01(a)(2). We agree with the Department.

## A. Expunction: Texas Code of Criminal Procedure Article 55.01

Although provided for in the Texas Code of Criminal Procedure, "[a]n expunction proceeding is civil rather than criminal in nature." *Ex parte Green*, 373 S.W.3d at 113 (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Expunction is a statutory privilege, not a constitutional or common-law right; therefore, the petitioner is not entitled to the expunction remedy unless he meets all of article 55.01's requirements. *See Ex Parte Green*, 373 S.W.3d at 113; *T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.); *J.H.J.*, 274 S.W.3d at 806. Each statutory provision is mandatory and a petitioner is entitled to expunction only upon a showing that each and every statutory condition has been met. *J.H.J.*, 274 S.W.3d at 811. "The trial court must strictly comply with the statutory requirements, and it has no equitable power to expand the remedy's availability beyond what the legislature has provided." *T.C.R.*, 305 S.W.3d at 663–64; *accord J.H.J.*, 274 S.W.3d at 806. Conversely, if the petitioner fully complies with article 55.01(a), the trial court must grant the expunction petition. *T.C.R.*, 305 S.W.3d at 664.

The relevant portion of article 55.01 of the Texas Code of Criminal Procedure provides

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court-ordered*

- 4 -

> *community supervision* under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01 (emphasis added).

## B.    Analysis

Here, Dicken was arrested and charged by separate charging instrument for the offenses of felony possession and DWI.  Dicken entered a plea of no contest to the DWI charge.  As a result of that plea, and his agreement to be placed on community supervision for a period of eighteen months, the felony possession charge was dismissed.

The plain language reading of article 55.01(a)(2) clearly requires a court to expunge all records and files relating to the arrest when there was no final conviction and no court–ordered community supervision.  *See id.*  The statute does not address or make allowances for expunction of individual offenses stemming from an arrest.  *See T.C.R.*, 305 S.W.3d at 663–64 (requiring strict compliance with the statutory provisions); *J.H.J.*, 274 S.W.3d at 806 (same).  The record reflects the trial court was under the impression "the intent the legislature had was to grant someone a second chance."  Quite to the contrary, this court and the Texas Supreme Court, have explained that

> [t]he legislature intended section 55.01 to permit the expunction of records of wrongful arrests.  After the 1979 amendment, the expunction law clearly was not "intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense."

*Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991) (citations omitted) (quoting *Tex. Dep't of Pub. Safety v. Failla*, 619 S.W.2d 215, 217 (Tex. Civ. App.—Texarkana 1981, no writ)) (discussing Act of June 13, 1979, 66th Leg., R.S., ch. 604, § 1, 1979 Tex. Gen. Laws 1333 (amended 1989) (current version at TEX. CODE CRIM. PROC. ANN. art 55.01)); *accord Ex Parte Green*, 373 S.W.3d at 115; *Tex. Dep't of Pub. Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex.

App.—San Antonio 1999, no pet.). The *J.T.S.* court further reiterated the importance of the public interest in maintaining arrest records for use in any subsequent punishment proceedings, including judicial decisions regarding any subsequent applications for probation. *See J.T.S.*, 807 S.W.2d at 574.

The facts in the present case are remarkably similar to the facts the Austin Court of Appeals faced in *Travis County District Attorney v. M.M.*, 354 S.W.3d 920 (Tex. App.—Austin 2011, no pet.). M.M. was arrested and charged with DWI, resisting arrest, and assault of a public servant. *Id.* at 921–22. As part of a negotiated plea bargain, M.M. admitted guilt to the charge of assault of a public servant and entered a plea of no contest to the resisting arrest charge, and the district attorney's office abandoned the DWI charge. *Id.* at 922. During sentencing, M.M. requested the trial court take the admitted assault offense into account in sentencing her for the resisting arrest charge. *Id.* M.M. was sentenced to two years deferred adjudication on the assault. *Id.* The trial court subsequently granted M.M.'s petition for expunction of all records and files relating to the DWI and assault charges. *Id.* Like Dicken, M.M. argued "the arrest" in article 55.01(a) referred to each charge arising from the arrest and each of the charges could be "divorced from the other charge and individually expunged." *See id.* at 924. The appellate court held to the contrary concluding "the statute only speaks to expunging the record relating to an arrest, not individual records relating to a charge arising from an arrest." *Id.*

In this case, we conclude Dicken failed to prove his felony possession charge was dismissed and did not result in "court-ordered community supervision." *See* TEX. CODE CRIM. PROC. ANN. 55.01(a)(2). Although the record suggests the charge was dismissed, the record does not contain a court ordered dismissal on the felony possession charge. Moreover, based on the plea documents and Dicken's pleadings, the record shows the possession charge was taken into consideration on the sentencing for the DWI. *Cf. M.M.*, 354 S.W.3d at 922. Because Dicken's

"offense was taken into consideration" under Texas Penal Code section 12.45 and the record does not contain a notice of dismissal for the felony possession, we conclude Dicken failed to prove a dismissal as required by article 51.01(a)(2). *Cf. M.M.*, 354 S.W.3d at 925 ("M.M.'s culpability for the felony assault charge was considered by the trial court in sentencing M.M. on the resisting-arrest charge."). Like the courts in *M.M.* and *J.T.S.* concluded, the expunction statute was not intended to allow an individual who is arrested, and enters a plea of guilty to an offense arising from the arrest, to expunge the arrest and all court records concerning the arrest. *See J.T.S.*, 807 S.W.2d at 574; *M.M.*, 354 S.W.3d at 925. By admitting his guilt to the DWI charge, Dicken also admitted his arrest was not wrongful. *See M.M.*, 354 S.W.3d at 926; *see also J.T.S.*, 807 S.W.2d at 574.

Although Dicken argues the legislative amendments reflect a move "away from an exclusive 'mistake' model of expunction to include aspects of a 'rehabilitation' model," we must strictly comply with the statutory language. *See T.C.R.* 305 S.W.3d at 663–64; *J.H.J.*, 24 S.W.3d at 806. Accordingly, Dicken failed to prove his entitlement to expunction on the felony possession of a controlled substance charge and the trial court erred in granting the petition for expunction of the corresponding records and files.

## CONCLUSION

Because the trial court erred in granting the petition for expunction, we reverse the trial court's expunction order and render judgment denying expunction of the records and files relating to Dicken's arrest for felony possession of a controlled substance.

Patricia O. Alvarez, Justice