

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00360-CV

EX PARTE S.B.M.

----------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-40334-362

----------

## OPINION[1]

----------

## I. INTRODUCTION

The sole issue we address in this expunction appeal is whether the evidence admitted at the expunction hearing established that the statute of limitations for the sexual assault offense that S.B.M. had been arrested for had

---

[1]The undersigned was assigned authorship of this opinion on April 30, 2015.

expired prior to the filing of S.B.M.'s petition for expunction. Because the evidence established that the statute of limitations exception set forth in article 12.01(1)(C) of the code of criminal procedure did not apply, because the general ten-year sexual assault statute of limitations therefore applied, and because that ten-year limitations period had expired prior to the filing of S.B.M.'s petition for expunction, we will reverse the trial court's judgment denying S.B.M.'s expunction and remand this case to the trial court for entry of appropriate orders granting S.B.M.'s petition for expunction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In March 2003, R.W. reported that she had been sexually assaulted. She underwent a sexual assault examination. The sexual assault kit was delivered to the Texas Department of Public Safety (DPS) lab for testing. The DPS lab detected semen on a vaginal swab and on R.W.'s panty liner. The State arrested S.B.M. in September 2003 for the sexual assault, and S.B.M. provided a DNA sample so that it could be compared to the biological matter collected from R.W. The DPS lab compared the biological matter found on R.W.'s vaginal swab, including a sperm fraction, and on her panty liner to S.B.M.'s DNA sample. After reviewing the forensic DNA testing, the lab analyst articulated his conclusion in the lab report; he concluded that a "[c]omparison to reference samples cannot be made due to insufficient male DNA on the panty liner . . . or the sperm fraction of the vaginal swab." The lab report, admitted into evidence at the expunction hearing, shows that for each specimen of the biological matter collected from

2

R.W., "DNA from specimen . . . and the sperm fraction . . . was amplified and typed at ten regions of the Y-chromosome. The following results . . . were obtained." The results list "NR" for all ten points of comparison of the Y-chromosome from S.B.M.'s DNA sample to the Y-chromosome from the DNA in three specimens of biological matter collected from R.W., so that the report contains thirty findings of "NR." "NR" is defined in the lab report to mean "no result." The State subsequently attempted to indict S.B.M. for the sexual assault of R.W., but the grand jury no-billed him.

In April 2013, S.B.M. moved to expunge the records relating to his 2003 arrest pursuant to code of criminal procedure article 55.01(a)(2)(B), asserting that he had never been charged with the offense and that his prosecution for it was no longer possible because the ten-year statute of limitations period had expired.[2] *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B) (West Supp. 2014). The State asserted that the prosecution of S.B.M for the sexual assault was still possible because this sexual assault fell within article 12.01(1)(C)'s exception to the general ten-year sexual assault statute of limitations. *See* Tex. Code Crim. Proc. Ann. art. 12.01(1)(C) (West 2015) (providing no limitations apply to sexual

---

[2]S.B.M.'s motion for expunction also asserted another ground for expunction, and his first issue on appeal challenges the trial court's failure to consider that ground for expunction. But because we hold that the trial court abused its discretion by failing to grant an expunction based on article 55.01(a)(2)(B), we need not address his first issue. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary for disposition of the appeal).

assault offense if forensic DNA testing of biological matter collected from victim does not match the victim or "any other person whose identity is readily ascertained"). The trial court agreed with the State and denied S.B.M.'s request for an expunction.

## III. STANDARD OF REVIEW

Generally, we review a trial court's ruling on an expunction petition under an abuse-of-discretion standard. *See S.J. v. State,* 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.); *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.); *Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.). But to the extent a ruling on the expunction petition turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in correctly applying the law to the facts. *S.J.*, 438 S.W.3d at 841; *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Statutory construction is a question of law. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *Dicken*, 415 S.W.3d at 478. When construing statutes, our primary objective is to ascertain and give effect to the legislature's intent. *See* Tex. Gov't Code Ann. § 312.005 (West 2013); *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011); *City of Rockwall*, 246 S.W.3d at 625; *Dicken*, 415 S.W.3d at 478. To discern that intent, we begin with the statute's words; we give a statute's words their plain and common

4

meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *Crosstex Energy Servs., LP v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014); *City of Rockwall*, 246 S.W.3d at 625–26; *Dicken*, 415 S.W.3d at 478; *see also* Tex. Gov't Code Ann. § 311.011(a) (West 2013) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.").

## IV. Expunction Statute[3] and Statute of Limitations

Article 55.01 of the code of criminal procedure provides a statutory right to expunge criminal records. *See* Tex. Code Crim. Proc. Ann. art. 55.01; *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.). Article 55.01(a)(2)(B) sets forth one of the statutory grounds for an expunction; it entitles a person to an expunction if

> the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision . . . provided that prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B). The statute of limitations for sexual assault is ten years. *Id.* art. 12.01(2)(E). But article 12.01(1)(C) sets forth an exception to this general ten-year statute of limitations:

---

[3]Although the expunction statute is codified in the code of criminal procedure, an expunction proceeding is civil in nature. *See, e.g.*, *J.H.J.*, 274 S.W.3d at 806.

[F]elony indictments may be presented within these limits, and not afterward:

> (1) no limitation:
>
> . . . .
>
> (C) sexual assault, if during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained[.]

*Id.* art. 12.01(1)(C).

An expunction will be granted only when a petitioner satisfies all statutory conditions. *See Dicken*, 415 S.W.3d at 479; *Cephus*, 410 S.W.3d at 418; *J.H.J.*, 274 S.W.3d at 806; *McCarroll*, 86 S.W.3d at 378. The petitioner bears the burden of demonstrating that each statutory condition has been met. *Dicken*, 415 S.W.3d at 478; *Cephus*, 410 S.W.3d at 418; *J.H.J.*, 274 S.W.3d at 806.

## V. EXPUNCTION REQUIRED

The evidence admitted at the expunction hearing conclusively established that concerning S.B.M.'s arrest for allegedly sexually assaulting R.W., he had been released, no final conviction had resulted, he was not placed on community supervision, and the general ten-year sexual assault statute of limitations had expired prior to the date S.B.M. had filed his expunction petition. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B). The State did not dispute these facts at the expunction hearing and does not do so in this appeal. Instead, the State asserted in the trial court and asserts on appeal that article 12.01(1)(C)'s

6

exception to the ten-year sexual assault statute of limitations applies here, so that no statute of limitations exists and that, therefore, S.B.M. failed to establish that the limitations period for this sexual assault offense had expired. In his second issue, S.B.M. argues that the trial court abused its discretion by determining that article 12.01(1)(C)'s limitations exception applies here.

Under the plain language of article 12.01(1)(C), an exception to the ten-year sexual assault statute of limitations is triggered when (1) during the investigation of a sexual assault biological matter is collected, (2) the biological matter is subjected to forensic DNA testing, and (3) the forensic DNA testing results show that the matter does not match the victim or any other person whose identity is readily ascertained. *See id.* art. 12.01(1)(C). The third prong is at issue here. The biological matter subjected to forensic DNA testing in this case did not belong to R.W.—the matter tested was semen on R.W.'s panty liner and a sperm fragment found in R.W.'s vaginal swab. But the forensic DNA testing results of the biological matter do not show that the matter does not match any other person whose identity is readily ascertained. Instead, the results simply show nothing. The results of the forensic DNA testing of the biological matter collected from R.W. are thirty "NR"s—meaning literally, as defined in the lab report itself, "no result." The conclusion drawn by the lab analyst after reviewing the thirty "no results" from the forensic DNA testing of the biological matter collected from R.W. was that a "[c]omparison to reference samples cannot be made due to insufficient male DNA on the panty liner . . . or

7

the sperm fraction of the vaginal swab." Thus, the record establishes that the biological matter collected from R.W. contains insufficient DNA for forensic DNA testing of it to show anything, including that the DNA in the biological matter matches or does not match any male.

The plain language of article 12.01(1)(C) requires, at a minimum, as a prerequisite to its application, that the biological matter collected contain a sufficient quantity of DNA to enable forensic DNA testing to be performed; the statute provides that no limitations period exists for the prosecution of a sexual assault when "biological matter is collected and subjected to forensic DNA testing *and the testing results show*" the matter matches neither the victim nor another person whose identity is readily ascertained. *Id.* (emphasis added). Because the biological matter collected from R.W. and subjected to forensic DNA testing showed nothing—no results were attainable because "insufficient male DNA" existed in the biological matter collected from R.W.'s panty liner and in the sperm fraction collected from R.W.'s vaginal swab—we hold that as a matter of law article 12.01(1)(C) does not currently apply here to render the general ten-year sexual assault statute of limitations inapplicable.[4] *See id.*; Tex. Gov't Code Ann.

---

[4]We note that our decision today does not preclude the possibility that if, through scientific advances in DNA testing, the forensic testing of the biological matter collected from R.W. is able to yield actual readable test results (not NRs) showing that the DNA profile in the collected biological matter does not match R.W. or any other person whose identity is readily ascertained, there is no reason article 12.01(1)(C) could not apply at that time. Moreover, because an expunction proceeding bears no relation to the attachment of jeopardy, if article 12.01(1)(C) becomes applicable at some point in the future, even S.B.M. could

§ 311.011; *Crosstex Energy Servs.*, 430 S.W.3d at 389–90; *City of Rockwall*, 246 S.W.3d at 625–26; *Dicken*, 415 S.W.3d at 478. Because article 12.01(1)(C) does not apply here and because S.B.M. conclusively established the elements necessary to obtain an expunction under article 55.01(a)(2)(B), we hold that the trial court abused its discretion by denying S.B.M.'s petition for expunction. *See T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 671–72 (Tex. App.—Austin 2009, no pet.) (construing terms of expunction statute and holding that trial court abused its discretion by denying expunction); *Carson v. State*, 65 S.W.3d 774, 780–81 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh'g) (construing expunction statute and holding that trial court abused its discretion in scope of expunction granted); *see also Fuller v. State*, No. 03-08-00675-CV, 2009 WL 2410453, at *2 (Tex. App.—Austin Aug. 6, 2009, no pet.) (mem. op.) (reversing expunction denial because the appellant satisfied all statutory requirements, including a showing that the statute of limitations had expired). We sustain S.B.M.'s second issue.

## VI. CONCLUSION

Having determined that we need not address S.B.M.'s first issue and having sustained S.B.M.'s second issue, we reverse the trial court's order denying his motion to expunge the records relating to his 2003 arrest for the

---

potentially be charged with the offense. Our narrow holding today is limited strictly to the expunction ruling made by the trial court based on the evidence admitted at that hearing.

9

alleged sexual assault of R.W., and we remand this case to the trial court for entry of appropriate orders expunging S.B.M.'s files and records related to that arrest.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. concurs without opinion.

DELIVERED:  June 11, 2015