

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00276-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Michael **RYERSON**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-18812
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice
               Jason Pulliam, Justice

Delivered and Filed:  December 28, 2016

REVERSED AND RENDERED

This a restricted appeal of an order granting a petition for expunction filed by Michael Ryerson. In its brief, the Texas Department of Public Safety raises several issues challenging the trial court's order. Based on this court's existing precedent holding the expunction statute is arrest-based and not offense-based, we sustain the Department's first issue and need not address the remaining issues. *See* TEX. R. APP. P. 47.1 (noting opinions need address only issues necessary to final disposition of appeal). We reverse the trial court's order and render judgment denying Ryerson's petition for expunction.

## BACKGROUND

On September 17, 2003, Ryerson was arrested on five charges of burglary of a vehicle. Ryerson subsequently pled no contest to three of the charges and was placed on three months deferred adjudication community supervision. The other two charges were dismissed.

On December 3, 2014, Ryerson filed a petition for the expunction of the two dismissed charges, and the Department filed an answer. On October 29, 2015, the trial court signed an order granting Ryerson's petition, expunging all records and files relating to the two offenses that were dismissed. The trial court found various agencies, entities and persons "may have records or files pertaining to [Ryerson] in connection with the arrests and/or alleged offenses described in" the order and ordered those agencies and persons to request the return of any information sent to a central federal depository "regarding the arrests and/or alleged offenses described herein." Finally, the order required the Department to request records subject to the order to be returned or destroyed. The Department appeals.

## STANDARD OF REVIEW

To prevail on a restricted appeal, the appellant must prove: (1) the notice of the restricted appeal was filed within six months after the judgment was signed; (2) the appellant was a party to the underlying lawsuit; (3) the appellant did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). The record clearly establishes the first three elements; therefore, we only need to determine if the Department has shown error apparent on the face of the record. For purposes of a restricted appeal, the face of the record includes all papers

on file in the appeal, including the clerk's record and the reporter's record.[1] *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied).

Generally, an appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte K.R.K.*, 446 S.W.3d 540, 541 (Tex. App.—San Antonio 2014, no pet.). If a ruling on an expunction turns on a question of law, however, we review the ruling de novo because the trial court has no discretion to determine what the law is or to apply the law to the facts. *Id.* Statutory construction is a question of law reviewed de novo. *Id.*

## ANALYSIS

The relevant portion of the expunction statute set forth in article 55.01(a)(2) of the Texas Code of Criminal Procedure provides:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
> . . .
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor. . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2016). In its first issue, the Department contends the trial court erred in granting Ryerson's petition because Ryerson did not meet the statutory requirements to have "all records and files relating to his arrest expunged."

---

[1] Ryerson attached reporter's records from his plea hearing and from the expunction hearing to his brief. This court, however, may not consider documents attached to briefs that are not included in the clerk's record or reporter's record filed in the appeal. *See Samara v. Samara*, 52 S.W.3d 455, 456 n.1 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). No reporter's records were filed in this appeal.

**A.      Parties' Arguments**

The Department argues the statute is arrest-based and does not allow records of each individual offense for which a defendant is arrested to be expunged. Because Ryerson was placed on court-ordered community supervision for three of the five offenses for which he was arrested, the Department contends Ryerson is not entitled to have all records and files related to the arrest expunged.

Ryerson acknowledges Texas appellate courts, including this court, have held the statute is arrest-based; however, Ryerson suggests a 2011 amendment to the statute changed the law. Ryerson also asserts his inability to expunge the records leads to an absurd result that is contrary to public policy.

**B.      Expunction Statute is Arrest-Based**

As this court has recently held, the expunction statute "'does not address or make allowances for expunction of individual offenses stemming from an arrest.'" *Ex parte K.R.K.*, 446 S.W.3d at 543–44 (quoting *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.—San Antonio 2013, no pet.)). "We further held, 'the expunction statute was not intended to allow an individual who is arrested, and enters a plea of guilty to an offense arising from the arrest, to expunge the arrest and all court records concerning the arrest.'" *Id.* Our holding is consistent with the holdings of our sister courts. *See, e.g., Ex Parte Vega*, No. 13-15-00245-CV, 2016 WL 455327, at *5 (Tex. App.—Corpus Christi Feb. 4, 2016, no pet.) ("Viewed as a whole, we conclude that article 55.01(a) contemplates expunging only the records and files relating to an arrest rather than an individual charge that resulted from an arrest."); *Tex. Dep't of Pub. Safety v. M.R.S.*, 468 S.W.3d 553, 556 (Tex. App.—Beaumont 2015, no pet.) (holding "expunction statute is arrest-based" and "a petitioner is not entitled to have the records related to his arrest expunged under article 55.01 unless all of the charges that arose from the arrest are shown to satisfy article 55's requirements");

*In re Expunction*, 465 S.W.3d 283, 290 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (concluding "legislature intended to make expunction applicable to entire arrests, not individual charges");[2] *S.J. v. State*, 438 S.W.3d 838, 843 (Tex. App.—Fort Worth 2014, no pet.) (noting "first phrase in chapter 55" referring to expunction of "all records and files relating to the arrest" is clearest expression of the legislature's intent and "does not purport to allow for less than all records relating to a single arrest to be expunged, nor does it condone expunction of records by dissecting related offenses");[3] *Travis Cty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 924 (Tex. App.—Austin 2011, no pet.) (holding "statute only speaks to expunging the records relating to an arrest, not individual records relating to a charge arising from an arrest").

Ryerson tries to distinguish some of these cases based on their facts and the reason the State elected to proceed on only one offense arising from an arrest.[4] The facts of the cases, however, have no effect on the application of the expunction statute. It is a bright line rule. If a defendant is arrested and charged with two or more offenses arising from that arrest, the statute does not allow the records relating to any of those offenses to be expunged if the defendant was convicted or placed on court-ordered community supervision for any of the offenses.

## C. 2011 Amendment

Ryerson also claims the 2011 amendment to the expunction statute expanded its application to allow the expunction of offense records.[5] This court's opinions in *Ex parte K.R.K.* and *Dicken*,

---

[2] In his brief, Ryerson relies on the Houston court's decision in *Ex parte E.E.H.*, 869 S.W.2d 496 (Tex. App.—Houston [1st Dist.] 1993, writ denied). In *In re Expunction*, however, the Houston court concluded its prior holding "has been abrogated by subsequent legislative action." 465 S.W.3d at 289.

[3] The Fort Worth court further noted, "chapter 55, from top to bottom, appears to maintain an arrest as the unit of expunction and provides relief relating to arrests rather than charges." *S.J.*, 438 S.W.3d at 843.

[4] In making this argument, Ryerson states the two offenses that were dismissed (cause numbers 437962 and 437963) were not taken into consideration (or TIC'd) in the plea bargain agreement for the other three offenses (cause numbers 4370631, 437964, and 437965). However, the Department attached the State's motions to dismiss the two offenses to its answer. In the section of the motions allowing the State to set forth an explanation for its request to dismiss, the following is written: "TIC'd for 437961, 437964, 437965."

[5] In making this argument, Ryerson cites the "*Author/Sponsor's Statement of Intent*," which was filed with the bill proposing the 2011 amendment. However, the Texas Supreme Court has instructed us as follows:

however, were issued after the 2011 amendment as were many of our sister courts' opinions. And, in *Dicken*, this court rejected an argument based on legislative amendments, noting "we must strictly comply with the statutory language." 415 S.W.3d at 481; *see also In re Expunction*, 465 S.W.3d at 289–90 (discussing 2011 amendment and holding "legislature intended to make expunction applicable to entire arrests, not individual charges"); *Travis Cty. Dist. Attorney*, 354 S.W.3d at 923 (noting introductory portion of 55.01(a) providing for expunction of "all records and files relating to the arrest" was identical in both the current and former versions of the statute).

**D.      Public Policy**

Finally, from a public policy perspective, Ryerson argues that allowing the trial court to enter a nondisclosure order precluding certain uses of the three offenses for which he was placed on deferred adjudication community supervision is inconsistent with not allowing the trial court to expunge the records for the two offenses that were dismissed. First, "[t]he Legislature determines public policy through the statutes it passes." *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 665 (Tex. 2008). If the Texas Legislature intended the expunction statute to be offense-based instead of arrest-based, it could have amended the expunction statute in response to the numerous court decisions holding the current statute is arrest-based. *See Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 653 (Tex. 2006) (noting statutory amendments by Legislature were in response to court decisions); *Tex. Dep't of Protective & Regulatory Servs. v.*

---

Statements made during the legislative process by individual legislators or even a unanimous legislative chamber are not evidence of the collective intent of the majorities of both legislative chambers that enacted a statute. Moreover, the Legislature expresses its intent by the words it enacts and declares to be the law. Construing clear and unambiguous statutes according to the language actually enacted and published as law—instead of according to statements that did not pass through the law-making processes, were not enacted, and are not published as law—ensures that ordinary citizens are able to rely on the language of a statute to mean what it says. When a statute's language is clear and unambiguous it is inappropriate to resort to the rules of construction or extrinsic aids to construe the language.

*Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011) (internal citations and quotations omitted).

*Mega Child Care, Inc.*, 145 S.W.3d 170, 188–89 (Tex. 2004) (noting Legislature amended statute in response to intermediate appellate court decision). Second, Ryerson's argument ignores an important difference between nondisclosure orders and expunction orders. While nondisclosure orders allow information regarding the offenses to be disclosed to various agencies and entities, expunction orders prohibit any use of the expunged records. *Compare* TEX. GOV'T CODE ANN. §§ 411.076, 411.0765 (West Supp. 2016) (providing for disclosure of records subject to order of nondisclosure to various agencies and entities) with TEX. CODE CRIM. PROC. ANN. art. 55.03(a) (West 2016) (prohibiting release, maintenance, dissemination, or use of expunged records and files for any purpose). Given that difference, the legislature was not absurd in establishing different statutory requirements for each type of order. *See S.J.*, 438 S.W.3d at 846 (noting construction of expunction statute as arrest-based does not lead to absurd results).

## E.    Conclusion

Because the trial court erred in concluding the expunction statute permitted it to expunge the records relating to the two dismissed offenses which arose from the same arrest as the three offenses for which Ryerson was placed on court-ordered community supervision, error is apparent on the face of the record. The Department's first issue is sustained.

### CONCLUSION

The trial court's order is reversed, and judgment is rendered denying Ryerson's petition for expunction.

Patricia O. Alvarez, Justice