Joseph Aaron **HENRY**, Appellant

v.

The **STATE** of Texas, Appellee

No. 04–16–00319–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: January 25, 2017

Joseph Aaron Henry, Tennessee Colony, TX, for Appellant.

Heather Stebbins, Kerr County Attorney, Kerrville, TX, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice, Karen Angelini, Justice, Irene Rios, Justice

## MEMORANDUM OPINION

Opinion by: Karen Angelini, Justice

Joseph Aaron Henry appeals from the trial court's order denying his petition for expunction of his criminal records. We affirm.

## BACKGROUND

Henry filed a petition for expunction of criminal records seeking to expunge his October 7, 1992 arrest for two burglary of a building offenses, an unauthorized use of a motor vehicle offense, and a criminal mischief offense. Henry was charged with an offense related to the arrest and pled guilty to the offense.

The Texas Department of Public Safety filed an answer denying the allegations in Henry's petition. The Department alleged that Henry's October 7, 1992 arrest led to an indictment for burglary of a building and that Henry pled guilty to the offense of burglary of a building and was sentenced to ten years in prison. The Department attached to its petition copies of the indictment and judgment of conviction for burglary of a building.

At the hearing on the expunction petition, Henry argued that he was entitled to an expunction of his October 7, 1992 arrest records because his conviction for burglary of a building was void. Henry presented no evidence to support his argument. In response, the Department argued that because Henry's arrest resulted in a final conviction, Henry was not entitled to an expunction of his criminal records under the expunction statute. The trial court denied the expunction petition. Henry appealed.

## DISCUSSION

■ Generally, we review a trial court's expunction ruling for an abuse of discretion. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.–San Antonio 2012, no pet.). However, to the extent an expunction ruling turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *Travis Cnty. Dist.* *Atty. v. M.M.*, 354 S.W.3d 920, 922 (Tex. App.–Austin 2011, no pet.).

■ Expunction is a statutory privilege, not a constitutional or common law right. *Texas Dep't of Pub. Safety v. Tenorio*, No. 04–14–00292–CV, 2014 WL 7183609, at *2 (Tex. App.–San Antonio 2014, no pet.); *Green*, 373 S.W.3d at 113. Article 55.01 of the Texas Code of Criminal Procedure sets out the procedures and requirements to expunge a person's criminal record. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2016). A petitioner is not entitled to the expunction remedy unless he meets all the requirements set forth in article 55.01. *Tenorio*, 2014 WL 7183609, at *2. And, the trial court must strictly comply with the statutory requirements; it has no equitable power to expand the expunction remedy beyond what the statute provides. *Id.*; *M.M.*, 354 S.W.3d at 923.

■ Under Article 55.01, a person who has been arrested for a felony or misdemeanor is entitled to have "all records and files relating to the arrest" expunged if the person is tried for the offense and is either acquitted by the trial court or convicted and subsequently pardoned or otherwise granted relief on the basis of actual innocence. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1). Thus, as a general rule, article 55.01 does not permit expunction of records resulting in a final conviction. *See id.* Furthermore, article 55.01 does not address or make allowances for expunction of individual offenses stemming from an arrest. *Texas Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.–San Antonio 2013, no pet.). A person is not entitled to have any arrest records arising from a multi-charge arrest expunged when one or more charges from the same arrest result in a final conviction. *See Texas Dep't of Pub. Safety v. G.B.E.*,

459 S.W.3d 622, 629 (Tex. App.–Austin 2014, pet. denied).

■■ In enacting article 55.01, the legislature intended to permit the expunction of records of wrongful arrests. *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). Article 55.01 was not intended to allow a person who is arrested and pleads guilty to an offense to expunge his records. *State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.–Houston [14th Dist.] 1991, no writ). "[T]he expunction statute was not intended to allow an individual who is arrested, and enters a plea of guilty to an offense arising from the arrest, to expunge the arrest and all court records concerning the arrest." *Dicken*, 415 S.W.3d at 481. By admitting guilt to a charge, an individual also admits his arrest was not wrongful. *See J.T.S.*, 807 S.W.2d at 574; *Dicken*, 415 S.W.3d at 481.

■ Here, no one disputes that after a multi-charge arrest for two burglary of a building offenses, one unauthorized use of a motor vehicle offense, and one criminal mischief offense, Henry pled guilty to burglary of building and was sentenced to ten years in prison. On appeal, Henry argues that the trial court erred in denying his expunction petition because his final conviction for burglary of a building was found to be void in a subsequent criminal proceeding. According to the representations in his brief, Henry was charged with another criminal offense in 2011 and the State sought to enhance his sentence based on his 1992 conviction for burglary of a building. Henry moved to quash the

enhancement. Henry claims the trial court granted his motion to quash the enhancement after determining that Henry's 1992 conviction for burglary of a building was void because it arose from a juvenile proceeding in which Henry was not properly served.[1]

In the present case, Henry argues the trial court was required to grant his expunction petition because his final conviction for burglary of a building is void and the other three other offenses are necessarily void because they "all arose from the same juvenile court as part of the same plea agreement." We disagree. Henry presented no evidence at the expunction hearing. Therefore, Henry failed to prove that his final conviction for burglary of a building is void. Furthermore, even if Henry had presented evidence in support of his argument, article 55.01 does not provide that a person is entitled to expunction relief when a final conviction is subsequently determined to be void. *See Davis v. Texas Dep't of Pub. Safety*, No. 07–07–0053–CV, 2007 WL 2693838, at *1 (Tex. App.–Amarillo 2007, no pet.) (noting that the petitioner's argument that his final conviction was void could not satisfy the conditions of article 55.01). Again, a trial court must strictly comply with the statutory requirements of the expunction statute; it has no equitable power to expand the expunction remedy beyond what the statute provides. *Tenorio*, 2014 WL 7183609, at *2; *M.M.*, 354 S.W.3d at 923.

Because Henry's arrest resulted in a final conviction for burglary of a building,

---

1. To support his argument, Henry cited *Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987) (providing that after the State established a prima facie case of proof of a prior conviction for enhancement purposes by introducing copies of the judgment and sentence, the burden shifted to the defendant to show a defect in the judgment as alleged); *In the Matter of D.W.M.*, 562 S.W.2d 851, 853 (Tex. 1978) (concluding that in the absence of service of summons on a juvenile, the juvenile court did not acquire jurisdiction to consider discretionary transfer); *Alaniz v. State*, 2 S.W.3d 451, 453 (Tex. App.–San Antonio 1999, no pet.) (reversing and remanding when the jurisdiction of the juvenile court was not invoked because the juvenile was not properly served).

Henry had the burden to prove that he was pardoned or otherwise granted relief on the basis of actual innocence before he would be entitled to expunction of his criminal records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1). Because Henry failed to prove that he was pardoned or otherwise granted relief on the basis of actual innocence, Henry was not entitled to expunction of the files and records pertaining to the burglary of a building conviction. Furthermore, Henry was not entitled to expunction of the files and records pertaining to the other offenses because the offenses arose from the same arrest that resulted in a final conviction. *See G.B.E.*, 459 S.W.3d at 629–30 (recognizing that expunction is unavailable in the context of a multi-charge arrest when one of the charges results in a final conviction); *Dicken*, 415 S.W.3d at 481 (concluding that the trial court erred in granting an expunction petition when the petitioner was arrested for both DWI and drug possession and the petitioner pled no contest to the DWI charge and the drug possession charge was dismissed). Because Henry failed to prove he was entitled to expunction of his records and files relating to his arrest as required by article 55.01, the trial court did not abuse its discretion in denying Henry's petition for expunction.

### CONCLUSION

We affirm the trial court's order denying Henry's petition for expunction.

