**Reverse and Render; Opinion Filed January 29, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00348-CV

## EX PARTE JOAN REIMHERR FALLIS

**On Appeal from the 216th Judicial District Court**
**Gillespie County, Texas**
**Trial Court Cause No. 15167**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Partida-Kipness

In this restricted appeal,[1] appellant, the Texas Department of Public Safety ("Department"), challenges an order of expunction entered in favor of appellee, Joan Reimherr Fallis. The Department argues the trial court erred in interpreting the expunction statute to allow the destruction of records of individual offenses, as opposed to records of the arrest. Because Fallis failed to meet all the statutory requirements of Texas Code of Criminal Procedure article 55.01(a), we reverse the order of the trial court and render judgment denying Fallis's petition to expunge.

## BACKGROUND

On January 25, 2014, Fallis was arrested for driving while intoxicated ("DWI"). An information charging Fallis with the DWI offense was filed on July 28, 2014. On July 14, 2015,

---

[1] In restricted appeals, we are limited to considering only errors that are apparent on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). The face of the record includes all the papers on file in the appeal, including the reporter's record. *Id.* A restricted appeal affords appellant the same scope of review as an ordinary appeal. *Id.*

pursuant to a plea bargain, Fallis pleaded guilty and was convicted of the offense of park stop or stand vehicle on roadway side of vehicle ("parking offense"), a Class C misdemeanor. The trial court assessed punishment at a $200 fine and sixteen hours of community service.

On October 24, 2017, Fallis filed a petition for expunction of all records related to the DWI offense pursuant to article 55.01(a) of the Texas Code of Criminal Procedure. The petition alleged that the judgment for the parking offense was void because the offense is not a lesser included offense of DWI. The petition further alleged that Fallis had been released, the statute of limitations had run on the DWI offense, the charge was no longer pending and had not resulted in a final conviction for DWI, there was no community supervision ordered related to the charge, and she had not been convicted of a felony in the five years prior to the arrest. The Department filed an answer and general denial requesting that the expunction be denied because Fallis had no right to an expunction of the DWI offense since her conviction for the parking offense was a result of the arrest.

At the hearing on the petition, the State argued that Fallis was not entitled to an expunction for the same reasons set forth in the Department's answer, i.e., Fallis's final conviction for the parking offense was a result of the arrest she sought to have expunged. Fallis argued the conviction for the parking offense did not bar her from getting an expunction for the DWI because it was not a lesser included offense of DWI. Fallis was not seeking to have the parking offense expunged from the record.

Following the hearing, the trial court signed an order granting the expunction. On appeal, the Department makes the same argument as was set forth in its answer to the petition. The Department further argues that Fallis failed to present legally sufficient evidence to support the expunction order. Fallis has not exercised her right to respond to the Department's arguments on appeal.

**ANALYSIS**

The purpose of the expunction statute is to allow the record of a wrongful arrest to be expunged. *See Travis County Dist. Attorney v. M.M.*, 354 S.W.3d 920, 928 (Tex. App.—Austin 2011, no pet.) (en banc). Expunction is a statutory privilege, not a constitutional or common-law right. *Id*. at 923. The petitioner is not entitled to the expunction remedy unless he meets all the statutory requirements of article 55.01 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *Collin County Dist. Attorney v. Fourrier*, 453 S.W.3d 536, 538 (Tex. App.—Dallas 2014, no pet.) (en banc); *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied) (en banc). The trial court has no equitable power to extend the protections of the expunction statute beyond what the legislature has provided. *Fourrier*, 453 S.W.3d at 539; *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 479 (Tex. App.—San Antonio 2013, no pet.). We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Fourrier*, 453 S.W.3d at 539. To the extent that the court's ruling on an expunction petition turns on a question of law, we review that ruling de novo because the trial court has no discretion in determining what the law is or applying the law to the facts. *Id*.

The relevant portion of the expunction statute applicable here provides that a person who has been placed under arrest of either a felony or a misdemeanor may have records and files relating to the arrest expunged if (1) the person has been released, (2) the charge, if any, has not resulted in a final conviction, (3) the charge, if any, is no longer pending, and (4) there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a class C misdemeanor. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). The Department does not dispute that Fallis had been released or that there was no court-ordered community supervision under article 42.12. The Department's only contention is that Fallis failed to establish that the

charge did not result in a final conviction because Fallis pleaded guilty to a charge resulting from the arrest. We agree with the Department.

Texas courts have held that article 55.01 requires an "arrest-based" approach to expunction because it authorizes expunging only the records and files relating to an arrest rather than an individual charge that resulted from an arrest. *See V.E. v. Travis County Dist. Attorney*, 500 S.W.3d 652, 655–56 (Tex. App.—Austin 2016, no pet.); *Ex parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi 2016, no pet.); *In re Expunction*, 465 S.W.3d 283, 290 (Tex. App.— Houston [1st Dist. 2015, no pet.); *S.J. v. State*, 438 S.W.3d 838, 845–46 (Tex. App.—Fort Worth 2014, no pet.); *Dicken*, 415 S.W.3d at 480. In other words, an expunction under article 55.01(a)(2) is unavailable if the petitioner's arrest leads to a final conviction on any charge. *See G.B.E.*, 459 S.W.3d at 626–30. We presume that if the Legislature wished to permit persons to expunge records related to a particular charge resulting from an arrest without expunging all records of the arrest itself, it would have included language with that meaning in the statute. *See S.J.*, 438 S.W.3d at 843.

Fallis was originally arrested and charged with DWI. As part of a plea agreement, she pleaded guilty to a Class C parking offense. Thus, the charge resulted in a final conviction rendering Fallis's arrest records ineligible for expunction. During the hearing on the petition, Fallis argued that the conviction for the parking offense did not bar her from getting an expunction for the DWI because it was not a lesser included offense of DWI. This argument fails. There is nothing in the expunction statute to indicate that the Legislature intended to limit the "resulted from" requirement to final convictions for offenses which would otherwise be considered "lesser-included" of the expunction offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *In re J.O.*, 353 S.W.3d 291, 294 (Tex. App.—El Paso 2011, no pet.). Further, Fallis did not file a brief in this Court citing Texas precedent imposing such a limitation, nor have we found any authority

for such a proposition. Because she failed to establish all conditions required for expunction under article 55.01(a)(2), Fallis was not entitled to an expunction as a matter of law. We resolve the Department's first issue in its favor.

Having concluded that the trial court erred by granting Fallis's petition for expunction, we need not address the Department's second issue contending that Fallis failed to present legally sufficient evidence to support the expunction order. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's judgment granting Fallis's petition for expunction, and we render judgment denying Fallis's petition for expunction.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
180348F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JOAN REIMHERR FALLIS

No. 05-18-00348-CV

On Appeal from the 216th Judicial District Court, Gillespie County, Texas
Trial Court Cause No. 15167.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** denying Joan Reimherr Fallis's petition for expunction.

It is **ORDERED** that appellant The Texas Department of Public Safety recover its costs of this appeal from appellee Joan Reimherr Fallis.

Judgment entered this 29th day of January 2019.