

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00533-CV

**EX PARTE G.A.A.** a/k/a J.A.A.

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-1821-CV-C
Honorable William D. Old III, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:          Luz Elena D. Chapa, Justice
                   Irene Rios, Justice
                   Liza A. Rodriguez, Justice

Delivered and Filed: September 8, 2021

REVERSED AND RENDERED

In this restricted appeal, the Texas Department of Public Safety ("the Department") challenges an order expunging G.A.A.'s arrest records relating to three misdemeanor charges. The Department argues G.A.A. failed to show that all the requirements of the expunction statute were met. Because we agree, we reverse the trial court's expunction order and render an order denying G.A.A.'s petition for expunction.

## BACKGROUND

G.A.A. filed a pro se petition to expunge records of his arrests for four misdemeanor offenses. The petition alleged G.A.A. was arrested on May 9, 2000, for criminal mischief, harboring a runaway child, and deadly conduct, and arrested on September 8, 2003, for possession of less than two ounces of marijuana. Both arrests were in Guadalupe County. The petition further alleged that all charges were dismissed and that G.A.A. was not placed on community supervision.

The Department and the Guadalupe County Attorney's Office ("the County") filed answers that generally denied G.A.A.'s allegations. The Department attached to its answer several documents purporting to be records from G.A.A.'s criminal cases. One of the documents was a misdemeanor conviction for assault bodily injury and placing G.A.A. on community supervision. The offense was alleged to have occurred on February 21, 2000, and G.A.A. pled no contest.

At the trial on G.A.A.'s expunction petition, G.A.A. appeared pro se and the County was represented by counsel. The Department did not appear. The trial began with the parties' appearances, followed by the County's attorney stating the County did not oppose G.A.A.'s petition as to the arrest records for the first three misdemeanor arrests, but opposed the request as to his arrest records for misdemeanor drug possession because the arrest was related to a felony conviction. G.A.A. was duly sworn to testify as a witness. As to the misdemeanor offenses, G.A.A. testified: "I agree with the synopsis of [the County's attorney]." G.A.A. then explained why he was entitled to an expunction of his arrest records related to the felony conviction. The trial transcript is nine pages long.

The trial court took judicial notice of the case file. It granted G.A.A.'s petition for expunction as to the misdemeanor arrest records, but denied the petition as to the arrest records related to the felony conviction. The Department filed a notice of restricted appeal and then an appellant's brief.

## RESTRICTED APPEAL

"An appellant bringing a restricted appeal can prevail only if: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *In re C.L.W.*, 485

S.W.3d 537, 539 (Tex. App.—San Antonio 2015, no pet.). The "face of the record" refers "to documents that were before the court at the time a challenged order was signed." *Id.* (quotation marks omitted). This includes the reporter's record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

The Department timely filed its notice of restricted appeal two months after the trial court signed the expunction order. G.A.A. served the Department with a copy of its petition, making it a party. *See Ex parte Vela*, No. 04-18-00464-CV, 2019 WL 1459429, at \*2 (Tex. App.—San Antonio Apr. 3, 2019, no pet.) (mem. op.) (recognizing the Department was a party when the expunction petition made the Department a party). Furthermore, the reporter's record shows the Department did not participate at trial. Because the first three requirements of a restricted appeal are satisfied, we consider whether error is apparent on the face of the record. *See id.* at \*2.

## EXPUNCTION

The Department argues the trial court erred by granting G.A.A.'s petition for expunction because G.A.A. failed to show all statutory requirements were satisfied. "Generally, we review a trial court's expunction ruling for an abuse of discretion." *Henry v. State*, 513 S.W.3d 750, 752 (Tex. App.—San Antonio 2017, no pet.). "However, to the extent an expunction ruling turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts." *Id.* "Article 55.01 of the Texas Code of Criminal Procedure sets out the procedures and requirements to expunge a person's criminal record." *Id.* "A petitioner is not entitled to the expunction remedy unless he meets all the requirements set forth in article 55.01." *Id.* "And, the trial court must strictly comply with the statutory requirements; it has no equitable power to expand the expunction remedy beyond what the statute provides." *Id.*

G.A.A. sought an expunction of his misdemeanor arrest records under article 55.01(a)(2). In relevant part, article 55.01(a)(2) provides as follows:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, [as well as additional requirements].

TEX. CODE CRIM. PROC. art. 55.01(a)(2). The additional requirements, as the Department argues, involve determining whether the expunction petitioner was charged with a misdemeanor offense "based on" the arrest or a felony offense "arising out of the same transaction for which the person was arrested." *Id.* art. 55.01(a)(2)(A).

Citing to the records attached to its answer, the Department argues G.A.A. was placed on community supervision for other offenses—including assault bodily injury—and those other offenses were part of the same transaction for which G.A.A. was arrested on his other misdemeanor charges. The trial court took judicial notice of the case file, including the Department's answer. Although a trial court may take judicial notice of pleadings on file, "a court may not take the allegations in the pleadings to be true absent testimony, other proof, or admissions by the other party." *Tex. Dep't of Pub. Safety v. Claudio*, 133 S.W.3d 630, 633 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). We therefore do not consider the Department's pleadings in reviewing whether sufficient evidence supports the trial court's order.

Nevertheless, we must liberally construe the Department's brief, and the Department challenges whether G.A.A. presented evidence showing he satisfied the expunction statute's requirements, including the community supervision requirements. *See Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam) (stating "briefs are to be liberally, but reasonably, construed so that the right to appeal is not lost by waiver"). Under article 55.01(a)(2), there must

be "no court-ordered community supervision under Chapter 42A for the offense." TEX. CODE CRIM. PROC. art. 55.01(a)(2). "The petitioner bears the burden of establishing that all of the statutory conditions or requirements are met." *Ex parte J.A.B.*, 592 S.W.3d 165, 168 (Tex. App.— San Antonio 2019, no pet.). Although the trial court took judicial notice of the case file, and G.A.A. alleged he was not placed on community supervision for any of the three misdemeanors arrests, as we have noted, "a court may not take the allegations in the pleadings to be true absent testimony, other proof, or admissions by the other party." *Claudio*, 133 S.W.3d at 633. We must therefore consider whether sufficient evidence was admitted at trial.

At trial, the only evidence was G.A.A.'s testimony. As to the misdemeanors, G.A.A. simply testified he agreed with the synopsis of the case as argued by the County's attorney. However, "arguments of counsel are not evidence." *Johnson v. Scott*, 113 S.W.3d 366, 373 (Tex. App.—Beaumont 2003, pet. denied). G.A.A.'s testimony—merely stating that he agreed with the County attorney's synopsis—fails to show G.A.A. was not placed on community supervision for the three misdemeanor offenses or the statute's other requirements. Thus, by granting G.A.A.'s petition for expunction as to the three misdemeanor offenses without sufficient evidence, the trial court abused its discretion.

## CONCLUSION

We hold there is error apparent on the face of the record. Because the Department has satisfied the remainder of the requirements for a restricted appeal, we reverse the trial court's order and render an order denying G.A.A.'s petition for expunction.[1]

Irene Rios, Justice

---

[1] In his brief, G.A.A. argues the trial court erred by denying his expunction petition as to the misdemeanor arrest related to the felony conviction. "A party who seeks to alter the trial court's judgment . . . must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." TEX. R. APP. P. 25.1(c). G.A.A. seeks to alter the trial court's judgment, but he did not file a notice of appeal or provide just cause granting him more favorable relief than did the trial court. We therefore may not grant G.A.A. the more favorable relief he seeks. *See id.*